(No. 11143.—Judgment reversed.) .
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LEWIS E. RICE, Plaintiff in Error.

*Opinion filed February 21, 1917—Rehearing denied April 6, 1917.*

1. CRIMINAL LAW—*lexicographers' definition of "inmate" does not determine the meaning of that term as used in section 57a-1 of the Criminal Code.* Section 57a-1 of the Criminal Code, providing for the punishment of an inmate of a house of ill-fame, uses the word "inmate" in a restricted sense, and the definition ordinarily given that word by recognized lexicographers does not determine its meaning.

2. SAME—*a man is not an "inmate" of a house of prostitution as that term is used in section 57a-1 of Criminal Code.* A house of ill-fame or assignation is a house where women prostitute themselves by offering their bodies to an indiscriminate intercourse with men, and the words "an inmate of a house of ill-fame or assignation for the practice of prostitution," used in section 57a-1 of the Criminal Code, refer to one who is there for the purpose of plying her business, and necessarily refer to a woman.

WRIT OF ERROR to the First Branch Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. JOSEPH Z. UHLIR, Judge, presiding.

MAURICE J. SLATER, (RUDOLPH FRANKENSTEIN, of counsel,) for plaintiff in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and EUGENE P. MORRIS, (EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE COOKE delivered the opinion of the court:

An information was filed in the municipal court of Chicago charging Lewis E. Rice, plaintiff in error, with being unlawfully and knowingly an inmate of a certain house of prostitution and assignation and place for the practice of fornication, prostitution and lewdness. The information

was filed under section 57a-1 of the Criminal Code. Trial was had in the municipal court without a jury, and the court found plaintiff in error guilty of being "an inmate of a house of prostitution for the practice of fornication," and judgment was rendered accordingly. This judgment was affirmed by the Appellate Court for the First District.

Upon the trial it developed that the plaintiff in error was a male. The house in which it was alleged that he was an inmate was a hotel in the city of Chicago and plaintiff in error was employed there as clerk, working from six o'clock in the evening until six o'clock in the morning. He did not reside there, but was in the house only during the time he was engaged in his duties as clerk.

It is first contended that the plaintiff in error, being a male, does not come within the description of an inmate of a house of ill-fame or assignation. Section 57a-1 of the Criminal Code is as follows: "Whoever is an inmate of a house of ill-fame or assignation, or place for the practice of fornication or prostitution or lewdness, or who shall solicit to prostitution in any street, alley, park or other place in any city, village or incorporated town in this State, shall be fined not exceeding $200, or imprisoned in the county jail or house of correction for a period of not more than one (1) year, or both."

This section was added to the Criminal Code in 1915. Prior to that time being an inmate of a house of ill-fame or assignation did not constitute a crime, and as it was not a crime at common law such a person could not be punished. The question arises whether a male is included under the description of an inmate of a house of ill-fame or assignation. It is contended on the part of the People that this is settled by the definition of the word "inmate" as given by recognized lexicographers. The definition ordinarily given for the word "inmate," standing alone, does not determine this point. The word "inmate" is not used in this statute in its general sense but in a restricted sense.

It is confined to the inmate of a certain kind or character of place or establishment. This statute is designed to provide for the punishment, only, of an inmate of a house of ill-fame or assignation or place for the practice of fornication, prostitution or lewdness. It is in this restricted sense that the word inmate is used.

The following definition of prostitution as given by a recognized lexicographer was quoted and approved in *Bunfill* v. *People,* 154 Ill. 640: "The act or practice of prostituting or offering the body to an indiscriminate intercourse with men; common lewdness of a female." A house of ill-fame or assignation for the practice of prostitution is, therefore, a house where women prostitute themselves by offering their bodies to an indiscriminate intercourse with men. The term "an inmate of a house of ill-fame or assignation for the practice of prostitution," refers to one who is there for the purpose of plying her business, and necessarily refers to a woman. In the generally used and popular sense of the expression, an inmate of a house of ill-fame or assignation refers to a woman and not to a man, and the legislature will not be presumed to have used this expression in any other than its customary meaning. This view is strengthened by the provision of section 57 of the Criminal Code, which in part is as follows: "Whoever keeps or maintains a house of ill-fame or place for the practice of prostitution or lewdness, or whoever patronizes the same, or lets any house, room or other premises for any such purpose, or shall keep a common, ill-governed and disorderly house, to the encouragement of idleness, gaming, drinking, fornication or other misbehavior, shall be fined not exceeding $200." It will be observed that under this section the keeper of a house of ill-fame or place for the practice of prostitution, and those who patronize such a house, may be fined. As the inmates of a house of prostitution could not be prosecuted under the common law nor under section 57, section 57*a*-1 was added to the Criminal

Code to make provision for the punishment of such inmates. With this section added, punishment was provided for anyone who had any connection in any way with a house of prostitution, whether as keeper, inmate or patron.

The judgments of the Appellate and municipal courts are reversed.

*Judgment reversed.*