(No. 40789.—

FERDINAND S. BEGICH, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Lakeside-Central Company *et al.*, Appellees.)

*Opinion filed January 29, 1969.—Rehearing denied March 25, 1969.*

House and Underwood, JJ., dissenting.

Asher, Greenfield, Gubbins and Segall, of Chicago, (Irving M. Greenfield and Lawrence Jay Weiner, of counsel,) for appellant.

Angerstein & Angerstein, of Chicago, (Armand Chiappori, Sidney Z. Karasik, and George W. Angerstein, of counsel,) for appellees.

Mr. Justice Ward delivered the opinion of the court:

Ferdinand S. Begich, the appellant, in his employment as a paper cutter, suffered a traumatic amputation of his right hand at a point about the base of the palm and just below the wrist. When the stump of his hand had healed Begich was told by the attending surgeon that a further amputation would be required to permit the proper fitting of a useful prosthesis. He consented to the surgery and a substantial part of his forearm was amputated. The appellant was later fitted with a prosthetic appliance. The Workmen's Compensation Act of Illinois provides that the employer shall furnish such an appliance "Where the acci-

dental injury results in the amputation of an arm, hand, leg or foot, * * *." Ill. Rev. Stat. 1967, ch. 48, par. 138.8(a).

The arbitrator and the Industrial Commission, upon considering the claim that Begich had filed, found that he had lost 100% of the use of the right arm but because of the provision of the Workmen's Compensation Act which will be discussed here held that he was entitled to recover only for the total loss of the right hand. The award of the Commission was affirmed by the circuit court of Cook County and that court held that "* * * par. 9 of Subsection (e) of Section 8 of the Workmen's Compensation Act of Illinois is not unconstitutional."

The question presented here is whether the provision in section 8(e)9 of the Workmen's Compensation Act (Ill. Rev. Stat. 1967, ch. 48, par. 138.8(e)9) which limits recovery to compensation for the loss of a hand, though a part of the forearm has been removed for the purpose of permitting the use of an artificial member, is constitutional. The concerned section of the statute provides: "When an accidental injury sustained is limited to a hand and results in the amputation thereof, and such amputation is performed at the point of election on the forearm for the purpose of permitting the use of an artificial member, such injury shall be compensated as the loss of a hand. Nothing herein contained shall reduce the amount payable for an arm where the accidental injury sustained includes the forearm above the wrist." (Ill. Rev. Stat. 1967, ch. 48, par. 138.8 (e)9.) This section was added to the Workmen's Compensation Act in 1947 and at the same time amendments similarly restricting recoveries concerning fingers (par. 138.8 (e)8), toes (par. 138.8(e)8), and feet (par. 138.8(e)11) were added to the Act. In the case of fingers and toes, the amputation of the entire distal phalanx proximal to the distal joint at the reasonable point of election for amputation is to be considered the loss of one phalanx only, and

in the case of amputation of a foot at the point of election on the lower leg to permit use of an artificial member the compensation is limited to the loss of a foot.

The appellant contends that the limitation on recovery imposed by section 8(e)9 of the Workmen's Compensation Act is arbitrary and unreasonable and therefore violative of due process and equal protection guaranteed by sections 2 and 19 of article II and section 22 of article IV of the constitution of Illinois and the fourteenth amendment of the United States constitution. He argues that the legislature cannot constitutionally provide that an injured employee's measure of recovery shall be determined according to the point of impact of the trauma rather than according to the extent of the injury actually caused by the trauma. An offensive consequence, he says, is that employees receive different awards of compensation for like injuries. The position of the appellees is that the legislature in limiting an injured employee's compensation to the loss of a hand, despite a subsequent amputation on the forearm to permit the fitting of an artificial hand, did not create an unreasonable or arbitrary classification.

Section 22 of article IV prohibits the enactment of any local or special law which grants a special or exclusive privilege, immunity or franchise. However, the legislature, to serve the public interest, may create legislative classifications, for, as this court has said, "perfect uniformity of treatment of all persons is neither practical nor desirable." (*Grasse* v. *Dealer's Transport Co.,* 412 Ill. 179, 193.) Section 22, designed to prevent arbitrary discrimination, does not forbid legislative classification, but it does require that a classification be not arbitrary and requires that the classification be based on a rational difference of condition or situation existing in the persons or objects upon which the classification rests. (See *Rudolf Express Co.* v. *Bibb,* 15 Ill.2d 76; *Gaca* v. *City of Chicago,* 411 Ill. 146.) We ex-

pressed this requirement in *People ex rel. the County of Du Page* v. *Smith,* 21 Ill.2d 572, 578 when we said: "If there is a reasonable basis for differentiating between the class to which the law is applicable and the class to which it is not, the General Assembly may constitutionally classify persons and objects for the purpose of legislative regulation or control, and may pass laws applicable only to such persons or objects."

An additional requirement for a valid classification is that the classification made must bear "a rational relation to the evil to be remedied and the purpose to be attained by the statute, otherwise the classification will be deemed arbitrary and in violation of the constitutional guaranties of due process and equal protection of the laws." *Grasse* v. *Dealer's Transport Co.,* 412 Ill. 179, 194.

That the legislature should have a broad latitude in creating classifications has been recognized but it has been recognized, too, that this power of creation cannot be arbitrarily exercised and if so exercised the action cannot be validated by considering or describing it as a classification. See *Bagdonas* v. *Liberty Land and Investment Co.,* 309 Ill. 103, 109, 110; *Michigan Millers Mutual Fire Ins. Co.* v. *McDonough,* 358 Ill. 575, 585.

The action of the legislature here operated to effect a classification of persons such as the appellant. (See *Grasse* v. *Dealer's Transport Co.,* 412 Ill. 179 at 193, 197.) The question which is posed is whether the differentiation of such persons from those who suffer traumatic amputations of the forearm is arbitrary or is based on a "rational difference of condition or situation."

We believe the differentiation, and the classification, to be arbitrary. It appears unrealistic and artificial, considering the Workmen's Compensation Act and its purposes, to differentiate between a traumatic loss of an arm and the loss of an arm through surgical necessity because of a trau-

matic loss of a hand. The losses due to employment injury are identical in each case but the compensation awards are unequal.

We said in *Harvey* v. *Clyde Park District,* 32 Ill.2d 60, 64, 65: "The determinative question under section 22 of article IV is whether the statutory classification is rational. * * * And to the extent that recovery is permitted or denied on an arbitrary basis, a special privilege is granted in violation of section 22." (*Cf. Hutchings* v. *Kraject,* 34 Ill.2d 379.) Here, the classification of employees such as the appellant is based on the situs of the trauma without regard to the final disability or loss incurred as a result of the employment injury. We cannot find a reasonable basis for differentiating between the appellant's class and those who lost the use of an arm solely through trauma. (See *People ex rel. the County of Du Page* v. *Smith,* 21 Ill.2d 572, 578.) The attempted classification is unrealistic or, as we put it in *Harvey,* does not bear any "discernible relationship to the realities of life."

We hold, therefore, that the section, insofar as it limits recovery as we have described, is arbitrary and unconstitutional under section 22 of article IV of our constitution. The constitutionality of only this section is formally before us, but our expression here makes clear our view of the invalidity of those similar sections concerning fingers, toes and feet to which we have made reference. See *Treece* v. *Shawnee Community Unit School Dist.,* 39 Ill.2d 136, 145.

Our ruling of invalidity is limited as described above and does not invalidate the balance of the section nor the entire Act, for the legislature has specifically provided for severability where the Act is declared unconstitutional in part. Ill. Rev. Stat. 1967, ch. 48, par. 138.25; and see *Lorton* v. *Brown County Community Unit School Dist.,* 35 Ill.2d 362, 366.

Accordingly, we reverse the judgment of the circuit

court of Cook County and remand the cause to that court to enter an award for the loss of appellant's right arm. *Reversed and remanded, with directions.*

Mr. JUSTICE HOUSE, dissenting:

I feel compelled to dissent because of the far reaching implication of the majority opinion. In effect, it sets an amount to be paid to an employee for a traumatic injury contrary to that fixed by the legislature.

If the Workmen's Compensation Act is to fulfill its manifest function, the legislative perogative in this area must be preserved without undue interference of the courts on alleged constitutional grounds.

We have long recognized that the General Assembly has wide latitude in its classifications under the police power. "The legislature is not required to be scientific, logical or consistent in its classifications. In order to authorize a judicial review of such classifications it must clearly appear that there is no fair reason for the law that would not require with equal force its extension to others not included. The legislature may determine upon what differences a distinction may be made for the purpose of statutory classification, between provisions otherwise having resemblance, if such power is not arbitrarily exercised and the distinction has a reasonable basis." (*Bagdonas* v. *Liberty Land and Investment Co.,* 309 Ill. 103, 109.) We have never heretofore deviated from this view. In fact, in some instances (such as dual injuries in the same body area) we have sustained amendments permitting no recovery. For example, in *Sampson* v. *Industrial Com.,* 33 Ill.2d 301, injuries resulted in both a skull fracture and a fractured vertebra. The Commission awarded compensation for the vertebra but not the skull. Although there was a fixed number of weeks fixed by an amendment, it changed the statute to read that where both such injuries occurred, compensation could be paid only for one injury, not both.

The same claim of equal protection and due process was raised and we held the amendment constitutional. Again, in *Wargo* v. *Industrial Com.*, 31 Ill.2d 143, where there was a fracture of the maxillary sinus and also disfigurement of that part of the face, we upheld the limitations of the Act which held there could be no compensation for disfigurement where compensation was payable for the injury to the sinus.

By the adoption of this opinion, we enter a jungle where we have not heretofore tread, and will be plagued with claims of unconstitutionality on many fronts. Limitations on recovery imposed by the Act for loss of various members of the body will be under attack as arbitrary and unreasonable. How can we interfere with the legislative judgment as to the comparative seriousness of loss of a hand as compared to the loss of an arm, or loss of sight to that of hearing, or between both arms and both legs, or between sight and the extremities?

This opinion does just that. The legislature has fixed various amounts for various specific injuries, and we have heretofore refused to question the wisdom of the limitations fixed.

This case is peculiarly appealing because the removal of an additional portion of a member at the point of election does not permit greater compensation than loss of a hand at the wrist only. But, since the legislature could have fixed a lesser amount for the whole member without any question of unconstitutionality, I fail to see how the point-of-election amendments do so.

The immediate consequence of the majority opinion is not only to invalidate the point of election provision of section 8(e)9 (par. 138.8(e)9) but it will also void the point of election provision of section 8(e)8 (par. 138.8(e)8) with respect to fingers and toes and section 8(e)11 (par. 138.8(e)11) with reference to feet. The "point of election" amendments, adopted in 1947, in my opinion, were

40

just as much a valid exercise of legislative power as the fixing of the number of weeks compensation for various losses such as 155 weeks for a foot and 200 weeks for a leg.

The case of *Grasse* v. *Dealer's Transport Co.*, 412 Ill. 179, relied on heavily by the majority, posed a question of wide general importance involving legal remedies, and did not deal with the minutiae of classification for the purpose of fixing the amounts of compensation for specific injuries. This court has never before set itself up as a super Industrial Commission and should not do so now. I would uphold the award of the Commission and the judgment of the trial court.

Mr. JUSTICE UNDERWOOD, also dissenting:

While I consider undesirable the disparity in compensation awarded for the traumatic loss of an arm and that awarded for the loss of an arm through surgical necessity due to the traumatic loss of a hand, I agree for the reasons stated in Mr. Justice House's dissent that such disparity is not constitutionally impermissible.