THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DOUGLAS BROWN, Defendant-Appellant.

(No. 70-178;

Second District—July 12, 1971.

Pedderson, Menzimer, Conde & Stoner, of Rockford, (Harold Stern, of counsel,) for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, (William R. Beu, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Douglas Brown was found guilty, after a jury trial, upon an indictment charging him with indecent liberties with a child under the age of sixteen (16), (Ill. Rev. Stat. 1969, ch. 38, par. 11—4 (a)(3)).[1] Defendant appeals from the judgment of guilt and the sentence of 4-5 years in the penitentiary thereon imposed. He prays for a new trial, principally urging that the court erred in refusing his tendered instructions stating affirmative defenses.

The affirmative defenses to the felony charge of indecent liberties with a child include, "The child is a prostitute"; and "The accused reasonably believed the child was of the age of 16 or upwards at the time * * *" (Ill. Rev. Stat. 1969, ch. 38, par. 11—4, *supra,* pars. (b) (1) and (2) ). The court found that there was no evidence to justify the tendered instructions based upon these defenses.

One of the co-defendants, Ricky Lee Cook, testified that, at a prior time, when he was staying in the home of the complaining witness, she had asked him for money to have sexual intercourse, that he paid her $10 and that both he and one Harvey Forbes had sexual intercourse with her. Harvey Forbes testified that the complaining witness said she

---

[1] Defendant was charged in a four count indictment; in Counts I and II he was charged with rape, together with co-defendants Petro Brown, Ricky Lee Cook and Bobby Ray Hicks; in Count III defendant was charged with Attempt Rape; and in Count IV with the Indecent Liberties offense. Counts I and II were dismissed as to this defendant and the jury found him not guilty under Count III. His co-defendants were found guilty of Indecent Liberties but found not guilty of Rape.

needed money for "some kind of acid or something" and that she told Cook, while Forbes was present in her room, that she wanted him to let her have a little bit of money and she would make a trade with him of money for intercourse. He testified that both he and Cook did have intercourse with the girl. This was denied by the complaining witness in her testimony. She admitted to having had sexual relations with Cook on more than one occasion at her home and elsewhere prior to the charged offense, but denied that money was ever involved. She admitted a previous miscarriage.

Considering the sordid nature of the occurrences charged in the indictment and as testified to by the complaining witness, we can understand the reluctance of the court to consider that one alleged act of intercourse for money at an unrelated prior time could characterize the girl as a prostitute. However, the question before us is not whether she was a prostitute, but whether there was sufficient evidence of this affirmative defense to go to the jury. We must conclude that the testimony raised an issue of fact upon the conflicting testimony which the court erroneously determined as a matter of law.

The word "prostitute" as used in the statute has not been defined either in the enactment or in any Illinois case cited or found. It is noted in the Committee Comments (S.H.A., Ch. 38, Sec. 11—4) that the entire section is designed for the protection of the immature in sexual matters and it is suggested that the affirmative defenses, including both that the child is a prostitute and the reasonable belief of the defendant that she is above the proscribed age, are intended to alleviate the harsh penalty under the felony charge as distinguished from the misdemeanor charge of contributing to the sexual delinquency of a child, set forth in par. 11—5 (Ill. Rev. Stat. 1969, ch. 38, par. 11—5) which excludes these affirmative defenses.

Defendant further suggests, as a parallel, that the offense of "prostitution" (Ill. Rev. Stat. 1969, ch. 38, par. 11—14) is committed by offering or agreeing to "an act" of sexual intercourse for money, and is so interpreted in *People v. Castanza* (1968), 92 Ill.App.2d 419, 427. The Committee Comments appended to the Prostitution Statute (S.H.A., Ch. 38, Sec. 11—14) suggest that "the test of 'indiscriminate' offering of the person for sexual intimacies was avoided in this section—though such was a part of the former definition of prostitution under *People v. Rice* (1917), (277 Ill. 521)". The State, however, argues that one must "exhibit the life-style of a 'prostitute' to come within the affirmative defense"; and that the term in the Indecent Liberties Statute should be construed as commonly understood.

■■ We agree with the State's argument that we cannot transpose the

test for the offense of "Prostitution" ("any act of sexual intercourse for money") into the Indecent Liberties statute before us. We cannot presume, in the absence of legislative direction, that a term is used in any other sense than its customary meaning. (See *People v. Rice,* 277 Ill. 521, *supra,* at page 523.) We also agree with the State's position that the common meaning of a "prostitute", although variously stated (see, for example, *Noel v. State* (Ind.-1966), 215 N.E.2d 539; *People v. Berger* (1918), 169 N.Y.S. 319, 321; *People v. Phillips* (Cal.-1945), 160 P.2d 872, 874; Black's Law Dictionary, 4th Ed., Page 1386) has the common denominator of indiscriminate sexual intercourse or other lewdness, usually for hire. However, this does not lead us to the conclusion reached by the trial court that one who has only been shown to have allegedly engaged in sexual intercourse for money on one occasion *cannot* be a prostitute as a matter of law.

■■■ An affirmative defense is raised by a defendant by presenting "some evidence thereon" (Ill. Rev. Stat. 1969, ch. 38, par. 3—2). Very slight evidence upon a given theory of the case will justify the giving of an instruction. (*People v. Kalpak* (1957), 10 Ill.2d 411, 425.) Evidence sufficient to raise a "reasonable possibility" that a defendant comes within an exemption in a statute is sufficient to raise the issue. (*People v. Williams* (1962), 23 Ill.2d 549, 556.) When the issue is raised the State must sustain the burden of proving the defendant guilty beyond a reasonable doubt as to that question, together with all the other elements of the offense. (*People v. Evrard* (1965), 55 Ill.App.2d 270, 273.) The defendant did present "some evidence" that the complaining witness was a prostitute, and therefore the jury, not the court, had the function of deciding whether, as a matter of fact, the State had proved the charge, considering the affirmative defense, beyond a reasonable doubt and under proper instructions.

■■ It is unnecessary to then decide whether there was "some evidence" that defendant reasonably believed the child was of the age of 16 years or upwards at the time of the offense. We do note that on the record now before us, in view of the defendant's statements that he had not known the girl previously and did not know how old she was on the date of the charged offense and absent any other evidence relevant to the belief which defendant held as to the girl's age, we would not conclude that the court committed reversible error in refusing to instruct as to this defense.

We reverse the judgment and remand the cause for a new trial.

Reversed and remanded.

T. MORAN, P. J., and ABRAHAMSON, J., concur.