THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PETRO BROWN *et al.*, Defendants-Appellants.

(No. 70-105;

Second District—July 12, 1971.

John T. Beynon, Public Defender, of Rockford, for appellants.

Philip G. Reinhard, State's Attorney, of Rockford, (William R. Beu, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The above three defendants together with a co-defendant were indicted by the grand jury of Winnebago County on one count of rape and one count of indecent liberties with a child, each count alleging an act of sexual intercourse. The co-defendant, Douglas Brown, was charged with two additional counts in the same indictment, namely, attempt to commit rape and indecent liberties with a child alleging lewd fondling or touching. The four defendants were jointly tried before a jury. At the close of the State's evidence, the charges of attempted rape and indecent liberties with a child alleging sexual intercourse were dismissed as to the

co-defendant, Douglas Brown. The jury found the three defendants herein not guilty of rape but guilty of indecent liberties with a child. In the same trial the co-defendant Douglas Brown was acquitted of attempted rape but found guilty of indecent liberties with a child for having performed lewd fondling or touching.

All four defendants were sentenced to 4-5 years in the state penitentiary. On this date we have filed an opinion in *People v. Douglas Brown*, 132 Ill.App.2d 875, 271 N.E.2d 395 involving the co-defendant charged as indicated above and convicted under the indictment arising from the same transaction. The factual situation is identical except that Douglas Brown was found guilt of indecent liberties with a child for having performed lewd fondling or touching and the other three defendants herein were found guilty of indecent liberties for having performed an act of sexual intercourse.

The issues are the same in each case. The opinion in *Douglas Brown*, (132 Ill.App.2d 875, 271 N.E.2d 395) is controlling here and we, therefore, adopt it as determinative of this case.

The defendants' conviction is reversed and the cause is remanded for a new trial.

Reversed and remanded.

T. MORAN and ABRAHAMSON, JJ., concur.