THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JAMES WILSON *et al.,* Defendants-Appellees.

(No. 55127;

First District—March 24, 1972.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Joseph H. Romano, Assistant State's Attorneys, of counsel,) for the People.

Dennis Cunningham, of Chicago, for appellees.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

*OFFENSE CHARGED*

Aggravated battery against both defendants.* Ill. Rev. Stat. 1967, ch. 38, par. 12—4(b) (6).

*JUDGMENT*

The court sustained defendants' pre-trial motion to quash the search warrant and to suppress the evidence obtained therefrom on the ground that the Complaint for Search Warrant showed on its face that it had been subscribed and sworn to before the issuing judge on a date subsequent to the date on which it had been issued and executed. The court also sustained defendants' motion to dismiss the aggravated battery counts for the reason that the Illinois Criminal Code, Section 12—4(b) (6), *supra,* on which they were based, is unconstitutional as violative of the due process and equal protection clauses of the 1870 Illinois constitution, Article II, Section II.

---

* Both defendants were also charged with armed violence (Ill. Rev. Stat. 1967, ch. 38, par. 33 A—2), and defendant Robert Wilson was charged with unlawful use of weapons (Ill. Rev. Stat. 1967, ch. 38, par. 24—1(a) (4)). After the court's ruling in the instant case, all these other charges, on motion of the State, were stricken off the call with leave to reinstate.

*CONTENTIONS RAISED ON APPEAL*
1. The court erred in quashing the search warrant.
2. The court erred in holding the aggravated battery section of the Illinois Criminal Code unconstitutional.

*OPINION*

On January 14, 1969, two police officers were cruising an area looking for the persons responsible for a robbery which had been committed fifteen minutes earlier. They were approached by a man who claimed to have seen the robbery and who implicated three brothers, two of whom are the instant defendants, as the offenders. He described the clothing worn by the robbers, and then gave defendants' address to the police. The officers went to defendants' apartment and knocked on the door. Although the officers were not admitted into the apartment, the door was open long enough for the officers to see three men, the one who had opened the door, and two others who were in the apartment changing their clothes. Based on the informant's statement and on their own personal observations, the officers prepared and executed a complaint for the issuance of a warrant to search defendants' persons and their apartment, reciting the above facts, the sufficiency of which has not been questioned.

A search warrant was issued and, as appears from statements of defense counsel made in open court, when the officers returned with the warrant to defendants' apartment, defendants resisted the search and a struggle ensued between them and the officers. Defendants were then arrested, not for the robbery for which they were under suspicion, but for the aggravated battery committed upon the officers during the struggle to effect their arrest. Some incriminating evidence was also seized.

Before trial, defendants moved to quash the search warrant and to suppress the evidence obtained thereunder, claiming that the warrant was legally insufficient, not on account of any defect in the warrant itself, or because of the language contained in the body of the complaint for its issuance, but for the reason stated above relating to the date on which issuance of the warrant had been authorized by the judge. Defendants also moved for a dismissal of the two aggravated battery counts on the ground that the Illinois aggravated battery statute is unconstitutional. The court sustained defendants' motion to quash the warrant, after which defendants made a motion to quash the arrests as flowing from the execution of an invalid search warrant. The court reserved its ruling on this point until the evidence could be heard, but no evidence was heard since the court proceeded to hold the pertinent

statute unconstitutional and to dismiss the aggravated battery counts as to both defendants.

We shall first consider the validity of the warrant as the constitutional question need not be reached if the warrant were invalid, since it is not a crime to resist a search based on an invalid search warrant. *People v. Young*, 100 Ill.App.2d 20, 241 N.E.2d 587.

The body of the printed form of the Complaint for Search Warrant used in the instant case has blank spaces which are to be filled in with the name of the complaining witness, the name of the person or place to be searched, the offense suspected, and the facts which give rise to probable cause for the search. The lower lines of the complaint indicate places for the signature of the complainant, the signature of the issuing judge, and the date on which the complaint was subscribed and sworn to before the issuing judge.

In the first part of the body of the complaint, there is typed the recitation of facts as we have referred to above. Below that, handwritten in ink, appears "On 14 JAN 1969 AT 2:45 P.M." Opposite those words, there is an ink-stamped impression indicating that the document had been filed with the Clerk of the Court on January 15, 1969. It is unquestioned that the execution of the search warrant and the alleged batteries of the officers took place on January 14, 1969, and that the complaint and warrant were both filed with the Clerk the next day, January 15. The signatures of both the complainant and the issuing judge appear in the proper indicated places at the bottom of the form, but above the judge's signature, on the line indicated for the date on which the complaint was subscribed and sworn to, there is a rubber stamp date of February 27, 1969, and another stamp indicating, in direct conflict with the January 15 filing stamp, that the document had been filed with the Clerk of the Court on February 27, 1969. The only significance of that date as it appears in the record, is that it was the date to which the case was postponed on January 15, 1969, the date on which the complaint was filed and the cause was docketed.

From this, defendants contend that the complaint was not subscribed and sworn to before the judge until February 27, 1969, and since that is the only date appearing on the line specified for that purpose, it is therefore controlling. The argument is that if the document, necessary to allege probable cause for the search, was not sworn to for some six weeks after the warrant had been issued and executed, then there was no proper showing of probable cause at the time of its issuance.

Defendants rely on *People v. Bak*, 45 Ill.2d 140, 258 N.E.2d 341, and *People v. Mitchell*, 45 Ill.2d 148, 258 N.E.2d 345, to assert that the parties

cannot go behind the four corners of the complaint in seeking to explain or contradict what appears to be valid on its face. Defendants' reliance on these two cases is ill-founded. The *Bak* and *Mitchell* cases held simply that the matters alleged in the complaint under oath, which led to the finding of probable cause, and upon which the search warrant was issued, may not be disputed by the one subjected to the search. In the instant case, the challenge is not to the facts in the complaint alleging probable cause, but is made on the ground that there was no ruling as to probable cause until after the warrant was issued and executed.

The *Bak* opinion is of interest here, however, since it repeatedly refers to the unavailability of inquiry behind the face of both the warrant itself and the affidavit in the complaint. See also, more specifically, *People v. Alvis*, 342 Ill. 460, 462, 174 N.E. 527, 528. Looking to the affidavit, the only significance of the judge's signature is to certify that the facts set forth in the complaint had been subscribed and sworn to before him. At best, from defendant's point of view, the affixing of two different dates to that document raised only a slight ambiguity, as there appears to have been no authority from the court to the clerk to mark a second filing date on the document after it had already been stamped as filed on January 15. This ambiguity, such as it is, is cleared up, however, when we consider the unambiguous and much more vital certification of the judge on the face of the warrant itself. That document begins with the words, "On this day, Complainant has subscribed and sworn to a complaint for search warrant before me. I find that it states facts sufficient to show probable cause." The "I" refers to the issuing judge who signed his name to the warrant, and "this day" clearly, in our opinion, refers to the statement appearing on the face of the warrant immediately below the signature of the judge. It states: "Time and date of issuance on 14 Jan. 1969 at 2:45 P.M."

■■ Section 108—14 of the Code of Criminal Procedure (Ill. Rev. Stat. 1967, ch. 38, par. 108—14) provides that: "No warrant shall be quashed nor evidence suppressed because of technical irregularities not affecting the substantial rights of the accused." We are satisfied with the sufficiency of both the complaint and the warrant and conclude that the warrant was improperly quashed.

We next consider the issue of the constitutionality of the Illinois aggravated battery statute. Section 12—4(b) (6) of the Illinois Criminal Code converts a battery into the more serious offense of aggravated battery carrying a heavier penalty when the individual harmed is known by the offender to be a peace officer. Defendant maintains that this statute is violative of the Equal Protection clause of the Fourteenth Amendment to the United States constitution in that it prescribes a greater

penalty for one of two acts which might be identical were it not for the fact that the victim happens to be a citizen engaged in a certain occupation.

■■ The legislature has the inherent police power to enact laws regulating, restraining, or prohibiting anything harmful to the welfare of the People, and in the exercise of this power, presumption is in favor of the validity of the resulting statutory enactment. The only limitations upon the legislature in the exercise of its police power is that the statute must reasonably tend to correct some evil or promote some interest of the State and not violate some positive mandate of the constitution. (*People v. Warren*, 11 Ill.2d 420, 424, 143 N.E.2d 28, 31.) The heart of defendants' contention is that the Illinois aggravated battery statute does violate a positive mandate of the constitution, namely, equal protection.

■■ Neither the constitutional requirement of equal protection, nor that of due process, proscribes a classification among groups differently situated, so long as a reasonable basis for the distinction exists or may reasonably be conceived to justify it. (*McGowan v. Maryland,* 366 U.S. 420, 425—426; *People v. Johnson,* 15 Ill.2d 244, 251, 154 N.E.2d 274, 278.) We believe that the basic distinction and the penalty differentiation between a battery upon an ordinary citizen and a battery upon a peace officer is a reasonable classification, not at all capricious or arbitrary. The legislative exercise of its police power in determining that batteries upon police officers could result in more harmful consequences than could ordinary batteries, is not an unreasonable distinction, and should, therefore, not be disturbed on judicial review. See *People v. Spears,* 106 Ill.App.2d 430, 245 N.E.2d 544.

The orders of the Circuit Court are reversed and the cause is remanded.

Reversed and remanded.

LORENZ, P. J., and DRUCKER, J., concur.