THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DENNIS LOWE, Defendant-Appellant.

(No. 74-26; ▮▮▮▮▮▮▮▮

Fifth District—June 30, 1975.

Paul Bradley and Martin Carlson, both of State Appellate Defender's Office, of Chicago, for appellant.

Dale A. Allison, Jr., State's Attorney, of Mt. Carmel (Bruce D. Irish and Robert J. Anderson, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

The defendant, Dennis Lowe, was charged in three indictments with the offenses of kidnapping, aggravated battery, and aggravated assault. These charges were consolidated for trial. Following a jury trial the jury returned verdicts finding the defendant not guilty of kidnapping, guilty of aggravated battery, and guilty of aggravated assault. The circuit court of Wabash County entered a judgment on the verdicts. Subsequently, the trial court sentenced the defendant to a term of 2 to 6 years in the penitentiary on the verdict of guilty to the charge of aggravated battery. Defendant's notice of appeal is addressed solely to his conviction and sentence on the aggravated battery charge, and although leave was granted to amend the notice of appeal, no amendment was made.

In this appeal the defendant contends: (1) that the trial court erred in refusing to allow the defense counsel to inquire of the prospective jurors whether they would require the defendant to present proof of his innocence; (2) that the defendant's conviction for aggravated assault must be reversed since it arises out of the same conduct that was the basis for

his conviction of aggravated battery; and (3) that the defendant's sentence of 2 to 6 years must be reduced because it exceeds the maximum sentence authorized by law for the offense for which he was sentenced.

Before addressing the foregoing contentions we must first consider the threshold question of this court's jurisdiction to entertain the issues raised by the defendant's contentions. As stated by the court in *People v. Harvey*, 5 Ill.2d 499, 502, 285 N.E.2d 179, 181, *cert. denied*, 410 U.S. 983.

> "Appeals to this court in both civil and criminal cases are governed by Supreme Court Rules which provide that an appeal is perfected by the filing of a notice of appeal in the trial court and that such notice of appeal shall specify the judgment from which the appeal is taken. This is the only jurisdictional step in the appellate process. (See Supreme Court Rules 301, 303 and 606, Ill. Rev. Stat. 1969, ch. 110A, pars 301, 303 and 606.) Similarly, the scope of review in this court is limited, *inter alia*, to the judgment appealed from. See Supreme Court Rules 366 and 615, Ill. Rev. Stat. 1969, ch. 110A, pars. 366 and 615."

See also *Wells v. Kern*, 25 Ill.App.3d 93, 322 N.E.2d 496.

■■ In the instant case the trial court entered judgment on each of the jury's three verdicts. Following a hearing in aggravation and mitigation, the trial court sentenced the defendant to 2 to 6 years' imprisonment on the verdict of guilty to the charge of aggravated battery. The trial court stated that due to the fact that aggravated assault was an "included offense" no sentence would be imposed on the jury's verdict on that charge. The defendant's second contention, that his conviction for aggravated assault must be reversed, ultimately reaches the judgment of conviction entered by the trial court on the jury's verdict of guilty to the aggravated assault charge. The record on appeal, however, contains a notice of appeal from the judgment on the charge of aggravated battery only. As did the courts in *People v. Harvey*, 5 Ill.App.3d 499, 285 N.E.2d 179, *cert. denied*, 410 U.S. 983, and *People v. Ilg*, 60 Ill.App.2d 295, 210 N.E.2d 20, we conclude that this court's jurisdiction is limited to the issues raised with respect to that judgment only. These issues are:

> (1) Whether the trial court erred in refusing to allow the defense counsel to inquire of the prospective jurors whether they would require the defendant to present proof of his innocence; and

> (2) Whether the defendant's sentence of 2 to 6 years must be reduced.

The facts which gave rise to the first of these two contentions are as follows. During the course of the *voir dire* examination of prospective jurors in the instant case, the defense counsel asked each juror if he or

she understood that the burden was on the State to prove the defendant's guilt beyond a reasonable doubt and that the defendant was not required to prove his innocence. The defense counsel also inquired of several prospective jurors whether they would require the defendant to prove his innocence. When juror Don Harms responded affirmatively to the latter question, the defense counsel requested that he be excused for cause. The trial court denied this challenge stating that the question related to a matter of law and that the juror had said he would follow the court's instructions on the law. The defense counsel subsequently exercised one of his peremptory challenges to excuse Mr. Harms. After a second juror responded in a manner similar to Mr. Harms, the trial court, out of the presence of the jury, instructed the defense counsel to discontinue this line of examination. The trial court again stated that this type of examination concerned matters of law and thus was not open to questions by counsel. Thereafter the defense counsel refrained from this line of examination.

Illinois Supreme Court Rule 234 (Ill. Rev. Stat. 1973, ch. 110A, par. 234) provides:

> "The judge shall initiate the *voir dire* examination of jurors by identifying the parties and their respective counsel and briefly outlining the nature of the case. The judge shall then put to the jurors any questions which he thinks necessary, touching their qualifications to serve as jurors in the cause on trial. The parties or their attorneys shall be allowed a reasonable opportunity to supplement such examination, but shall not directly or indirectly examine jurors concerning matters of law or instructions."

The "Historical and Practice Notes" to Rule 234 provided, in part, that,

> "Consistent with its basic aim of limiting the voir dire examination to the single function of selecting an impartial jury, rule 234 expressly prohibits counsel from examining, directly or indirectly, concerning matters of law or instructions. The importance of this provision appears from the Judicial Conference materials quoted above.
>
> The prohibition against questions on matters of law is in harmony with decisions in other jurisdictions holding such questions to be improper. See, e.g., *People v. Conklin,* 175 N.Y. 333, 67 N.E. 624, 626 (1903) (*presumption of innocence* and character of proof necessary in criminal case); * * *. The Court appears to have countenanced a certain amount of questioning on matters of law in criminal cases (see *People v. Kestian,* 335 Ill. 596, 601, 167 N.E. 786, 788 (1929); *People v. Redola,* 300 Ill. 392, 394, 133 N.E. 292, 293 (1921)), but this was under the pre-1931 rule (changed by

*People v. Bruner,* 343 Ill. 146, 175 N.E. 400 (1931)) that the jurors were the judges of the law as well as the facts in criminal cases.

A sound guide to practice under the prohibition against examining on the law or instructions is the rule stated by the Pennsylvania Supreme Court: The prospective juror '\* \* \* may be asked the broad question whether, if sworn as a juror, he would accept and act upon the law as stated to him by the court; and this is as far as the examination on voir dire may properly proceed along that line.' *Commonwealth v. Calhoun,* 238 P.A. 474, 86 A. 472, 475 (1913). That broad question should be asked by the judge and need not be repeated by the lawyers." (Emphasis added.) Historical and Practice Notes, Ill. Ann. Stat., ch. 110A, § 234, at 264-265 (Smith-Hurd 1968).

In *People v. Conklin,* 175 N.Y. 333, 67 N.E. 624 (1903), a case cited in the above-quoted note, the defendant's counsel asked a prospective juror whether he knew that the defendant in a criminal case was presumed innocent until proven guilty. An objection to this question was sustained. The Court of Appeals of New York held that this ruling was proper. In its opinion, the court stated:

"The qualifications of a juror do not depend in any degree upon his knowledge or want of knowledge of the law of evidence as applicable to criminal trials. These were all matters of law which the juror was bound to take from the court. A juror cannot be a law to himself, but is bound to follow the instructions of the court in that respect, and hence his knowledge or ignorance concerning questions of law is not a proper subject of inquiry upon the trial of the challenge for cause." 175 N.Y. 333, 339-40, 67 N.E. 624, 626.

■■ In the instant case the trial court personally asked all but one of the jurors eventually chosen whether they would follow the instructions of law as given by the court. The one juror not so questioned, was asked by the defense counsel whether he understood that the burden was on the State to prove the defendant's guilt beyond a reasonable doubt and that the defendant was not required to prove his innocence. While supplemental examination of the prospective jurors by the parties may not be totally prohibited (*People v. Willis,* 26 Ill.App.3d 518; *People v. Carruthers,* 18 Ill.App.3d 255, 309 N.E.2d 659), the parties may not directly *or indirectly* examine the jurors concerning matters of law or instructions (Supreme Court Rule 234, Ill. Rev. Stat. 1973, ch. 110A, par. 234). Furthermore it is not error per se for the trial court to limit the extent of the examination of a prospective juror. (*People v. Lobb,* 17

Ill.2d 287, 161 N.E.2d 325; *People v. Moretti*, 6 Ill.2d 494, 129 N.E.2d 709; *People v. Chandler*, 7 Ill.App.3d 949, 289 N.E.2d 67.) It is within the trial court's discretion as to how much latitude he will give to the parties in question. (*People v. Lexow*, 23 Ill.2d 541, 179 N.E.2d 683; *People v. Stewart*, 12 Ill.App.3d 226, 297 N.E.2d 391.) On the basis of the record before us, which includes an instruction on the presumption of innocence and the fact that the defendant was not required to prove his innocence (Illinois Pattern Jury Instruction, IPI Criminal No. 2.03), we conclude that it was within the discretion of the trial court to refuse the inquiries propounded to the prospective jurors by the defense counsel.

■■ The sole remaining issue for review is whether the sentence of 2 to 6 years must be reduced because it exceeds the maximum sentence authorized by law for the offense of aggravated battery for which the defendant was sentenced. The State concedes that under the law as it existed at the time of the defendant's conviction (Ill. Rev. Stat. 1973, ch. 38, pars. 12—4(b)(1); 12—4(b)(9)) the sentence imposed upon the defendant must be reduced. Section 12—4(b)(9) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 12—4(b)(9)) provides that the penalty for any of the types of aggravated battery in subsection (b), under which the defendant was convicted, is imprisonment in a penal institution other than a penitentiary not to exceed 1 year or in a penitentiary from 1 to 5 years. We, therefore, reduce the defendant's sentence of 2 to 6 years to one of 1 year and 8 months to 5 years.

Accordingly, we affirm the defendant's judgment of conviction and remand this cause to the circuit court of Wabash County with directions that a corrected mittimus be issued to reflect the reduction of the defendant's sentence to 1 year and 8 months to 5 years in the penitentiary.

Judgment affirmed; remanded with directions.

KARNS and CARTER, JJ., concur.