THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES LOCKWOOD, Defendant-Appellant.

Fifth District   No. 74-254

Opinion filed April 13, 1976.—Rehearing denied May 19, 1976.

G. MORAN, J., dissenting.

John A. Penning, Jr., of Alton, for appellant.

Donald E. Irvin, State's Attorney, of Mt. Vernon (Edward N. Morris and Robert L. Janes, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant-Appellant, James Lockwood, was convicted of aggravated battery after a jury trial in Jefferson County and was sentenced to serve from two to six years. The trial court ordered that the sentence be served

consecutively to a sentence being served. On appeal, defendant contends that the court erred in failing to instruct the jury on the affirmative defense of justified use of force, and that the sentence imposed is excessive.

The evidence adduced at trial showed that defendant and one Bobby Martin stopped a car occupied by Julie Griess, the complaining witness, and Susan Lee, defendant's girlfriend. Defendant was 32 years of age and the girls were 16. Defendant demanded his car keys from Susan Lee. She refused to relinquish them because of defendant's intoxicated state, whereupon defendant pulled her from the car and slapped her. Julie Griess left and proceeded to the parking lot of the Mt. Vernon Township High School. As she was sitting in the lot with another girl on the trunk of her car, defendant, Martin, and Susan Lee arrived. At this time, defendant was about 100 feet from Julie Griess. Defendant again slapped Susan Lee, who then walked away. At this point the evidence is conflicting. The State's evidence showed that defendant initiated a conversation with Julie Griess and approached her. An argument ensued involving obscenities and epithets from both defendant and Griess. Defendant then slapped Griess with an open hand on the left side of her face. Griess then slapped defendant; defendant slapped Griess again; Griess tried to kick defendant; and defendant hit Griess knocking her to the ground. Defendant then left. Bobby Martin walked up to Julie Griess and, after more obscenities from both sides, slapped her. Julie Griess went, in succession, to the police, her father's business office, and the hospital for examination. Medical evidence indicated that she had suffered mild contusions or bruises on her face and a mild abrasion or scrape on her arm. The abrasion was washed with soap and water but no other treatment was required.

Defense testimony showed that at the school parking lot Julie Griess had initiated the argument and that defendant had approached her simply to tell her to mind her own business. The same epithets and obscenities were hurled but Julie Griess struck the first blow. Defendant admitted having struck her after that but did not remember knocking her down. Defendant and one other witness testified that a month after the incident, Julie Griess admitted to them in a tavern that she had struck the first blow and that she had not wanted to prosecute but was being forced to by her parents. On rebuttal, Julie Griess' mother testified that her daughter had never indicated a desire to dismiss the charge.

At trial, defendant tendered the following instruction:

> The Court instructs the jury that the Statutes of the State of Illinois provide: A person is justified in the use of force against another when and to the extent that he reasonably believes such conduct is necessary to defend himself or another against such other's imminent use of unlawful force."

The State objected to the instruction because it was not contained in Illinois Pattern Instructions and because it was not supported by the evidence. The instruction is identical to IPI 24.06 except that it contains both "himself" and "another," listed in the disjunctive whereas IPI indicates that only the applicable choice be used. The trial court, however, refused this instruction because, while it recognized the conflict in the evidence as to who struck the first blow, the evidence did not show that defendant at any time had a reasonable belief of the necessity to defend himself from any force used by Julie Griess. Defendant now contends the court erred in denying defendant the opportunity to present a defense to the jury suggested, at least somewhat, by the evidence.

■■ The defendant is entitled to an instruction on any defense or theory of the case upon which some evidence appears of record from which the jury could sustain that defense or theory. (*People v. Khamis*, 411 Ill. 46, 103 N.E.2d 133 (1951); *People v. Scalisi*, 324 Ill. 131, 154 N.E. 715 (1926).) It is defendant's contention that since the evidence was in conflict as to who initiated the altercation, he deserved the opportunity to have the jury instructed on the justifiable use of force. As the State notes, were defendant the aggressor he would have no right to use force under the present facts. (*People v. Oliver*, 11 Ill. App. 3d 152, 296 N.E.2d 70 (1973).) We do not believe the question of aggression to be controlling, however. The clear implication of the trial court's remarks in refusing the instruction was that regardless of who started the fight, the defendant could not have reasonably believed it necessary to use force to defend himself. We agree. Even if Julie Griess struck defendant first, the evidence indicates that he returned the blow not to prevent subsequent attack but in retaliation. Such action is not included within the realm of justifiable use of force. (*People v. Thornton*, 26 Ill. 2d 218, 186 N.E.2d 239 (1962); *People v. Dillon*, 24 Ill. 2d 122, 180 N.E.2d 503 (1962).) Defendant places great emphasis on the victim's attempt to kick him. The evidence indicates that defendant had struck two blows prior to that. Thus, the offense had been completed prior to the kick. Defendant was charged under section 12—4 (b) (8) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 12—4(b)(8)), in that he committed a battery while he and the victim were on public property. Thus there was no requirement that the State prove serious bodily injury. We believe that the trial court properly refused the instruction concerning justifiable use of force tendered by the defendant.

■■■ Defendant next contends that the sentence of from two to six years was excessive. The claim is based upon the language of section 12—4(b)(9), (d) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 12—4(b)(9), (d)). Prior to January, 1973, the penalty for aggravated battery other than that for causing great bodily harm, was a sentence to a penal

institution other than the penitentiary not to exceed one year or imprisonment in the penitentiary for not less than one nor more than five years. Section 12—4(a) provided a penalty of from one to ten years for aggravated battery causing great bodily harm. In 1973, pursuant to the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 *et seq.*), aggravated battery was classified a Class 3 felony, carrying a penalty of not less than one nor more than ten years. The new penalty was added to section 12—4 as subparagraph (d), but the previous penalty provision contained in subparagraph (b)(9) was not correspondingly deleted. The penalty provision of 12—4(a) was deleted, however. We note in passing that the legislature has corrected this anomaly. P.A. 79—1001, effective October 1, 1975.

Defendant on appeal appears to assume the correctness of the one- to five-year penalty and argues that the maximum must be reduced to five years and the minimum to one year and eight months, this to comport with the 1 to 3 ratio prescribed by section 5—8—1(c)(4) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(4)). Thus, defendant both admits and denies the applicability of the Unified Code of Corrections. The State, on the other hand, argues that the dual penalty provision is a "legislative oversight" and should be ignored in light of the clear legislative intent to classify and standardize criminal penalties. (Ill. Ann. Stat., ch. 38, §1001—1—1 *et seq.*) Council Commentary (Smith-Hurd 1973).) In *People v. Scott*, 57 Ill. 2d 353, 312 N.E.2d 596 (1974), the Supreme Court recognized that ambiguities and drafting errors exist in the Unified Code of Corrections and reaffirmed the principle that courts should interpret those ambiguities to effect the intent of the legislature. Although *Scott* involved inserting necessary missing language rather than disregarding inadvertent surplusage, we believe the rationale to be the same. However, we have recently treated this question in *People v. Lowe*, 30 Ill. App. 3d 49, 331 N.E.2d 639 (1975). In that case, the Statewide Appellate Assistance Service of the Illinois State's Attorneys Association, counsel for the State, confessed that a sentence other than that provided in section 12—4(b)(9) was error. While we question the validity of that assertion, we believe that uniformity is required. We therefore reduce defendant's sentence to a minimum of one year eight months and a maximum of five years.

The judgment of the Circuit Court of Jefferson County is affirmed as modified.

Affirmed as modified.

CARTER, J., concurs.

Mr. JUSTICE GEORGE J. MORAN, dissenting:

This case should be reversed and remanded for a new trial because the trial court erred in refusing to give the self-defense instruction tendered by the defendant.

An analysis of the record discloses testimony by several eyewitnesses that Julie Griess, the complaining witness, struck the defendant above his right eye with her fist, causing his face to bleed and ultimately leaving a scar which was visible at the time of the trial several months later. Furthermore, each eyewitness, including the State's witness, testified that Julie Griess attempted to kick the defendant in the general area of the groin.

Bobby Martin testified that Julie Griess hit the defendant first in the eye, the defendant slapped her and she then kicked him in the groin. Defendant slapped her again.

Gary Brown testified that the defendant and Julie's friend, Susan, had an argument and that Julie interfered. He further testified that Julie hit the defendant, the defendant hit Julie, she then kicked him in the groin and he again hit her and she fell. He also testified that there was a cut over one of defendant's eyes as a result of Julie Griess' first blow.

Kim Oglesby testified that Julie Griess slapped the defendant, the defendant slapped Julie, she kicked him in the hip and he slapped her again. He said that the defendant had a cut over his eye and that both parties used numerous obscenities.

Joe Manion testified that Julie struck the defendant first.

The defendant testified that Julie Griess called him a "no good bastard." She hit him in the eye and he felt the blood on his face with his hand. He slapped her on the left side of her face, she kicked him and he slapped her again.

It is undisputed that the defendant is entitled to an instruction on any defense or theory of the case upon which some evidence, no matter how slight, appears of record from which the jury could sustain that defense or theory. (*People v. Khamis*, 411 Ill. 46, 103 N.E.2d 133; *People v. Scalisi*, 324 Ill. 131, 154 N.E. 715.) As stated in *People v. Brown*, 132 Ill. App. 2d 875, 271 N.E.2d 395:

> "An affirmative defense is raised by a defendant by presenting 'some evidence thereon' (Ill. Rev. Stat. 1969, ch. 38, par. 3—2). Very slight evidence upon a given theory of the case will justify the giving of an instruction. [Citation.] Evidence sufficient to raise a 'reasonable possibility' that a defendant comes within an exemption in a statute is sufficient to raise the issue." (132 Ill. App. 2d 875, 878.)

In light of the foregoing, I fail to comprehend why a jury could not reasonably construe the defendant's actions as being in defense of his own

person. It is one thing to say that the defendant acted in self-defense; it is quite another to say merely that there was a very slight bit of evidence to that effect in order to instruct the jury on such a theory. In a case where the court failed to instruct the jury of a potential affirmative defense, reliance upon the jury's ultimate decision is clearly illogical.

While there was conflicting evidence as to the sequence of events, the trial judge chose to believe the State's evidence, a choice that was not his to make. To illustrate, in refusing the tendered instruction regarding self-defense, he remarked:

"I will sustain the second objection you made and not give the instruction, because I don't feel that the evidence showed the defendant was ever placed in the belief that he had to defend himself against the complaining witness. * * * I just do not feel that there is any element of evidence here that shows the defendant was ever called upon to defend himself against the use of unlawful force. * * *"

The majority opinion states:

"Even if Julie Griess struck defendant first, the evidence indicates that he returned the blow not to prevent subsequent attack but in retaliation. Such action is not included within the realm of justifiable use of force." (37 Ill. App. 3d 502, 505.)

The only evidence indicating retaliation referred to in the above quotation from the majority opinion was a statement made by the defendant at trial:

"This is when she slapped me here where I have the scar. Right here is where she hit me. I put my hand up when I seen the blood; I slapped her on the left side of her face, and she kicked me * * *"

However, it appears to me that there are two possible interpretations of this testimony—that the defendant struck back in retaliation, or that he struck back in self-defense. The majority have determined that the above statement of the defendant, alone, constituted an admission by the defendant that his motivation was revenge rather than self-defense. I do not agree, for one interpretation is as likely as the other. It is not in the province of a court of review to weigh the evidence in order to determine whether a tendered instruction should be given. Rather, very slight evidence upon a given theory of a case justifies the giving of an instruction. *People v. Khamis.*

It is no answer to say, as the State urges, that it was proper for the court to refuse the instruction since defendant never specifically offered testimony that he acted in defense of his well-being. For as stated in *People v. Papas*, 381 Ill. 90, 44 N.E.2d 896:

"The defendant was entitled to the benefit of any defense shown

by the evidence, even if inconsistent with his own testimony." (381 Ill. 90, 95.)

(See also *People v. Scalisi*, 324 Ill. 131, 154 N.E. 715.) Thus, even though the defendant failed to directly assert that he struck the complaining witness to protect himself from bodily harm, if such a conclusion is possible from an examination of the evidence adduced at trial, as I maintain it was in the instant case, it is reversible error for the court to refuse the tendered instruction. Accordingly, I would reverse and remand for a new trial.

We should also reverse, because section 12—4(b)(8) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, §12—4(b)(8)) is so blatantly unconstitutional that we should raise its constitutionality on our own motion, even though the question was not raised in the trial court nor in this court. (*People v. McCollough*, 8 Ill. App. 3d 963, 291 N.E.2d 505; *People v. Graves*, 23 Ill. App. 3d 762, 320 N.E.2d 95.) Both our Federal and State constitutions provide that "no person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws."

In determining those situations in which simple battery is classified as "aggravated battery," the Illinois Legislature included simple batteries where the person committing the battery "[i]s, or the person battered is, on or about a public way, public property or public place of accommodation or amusement." (Ill. Rev. Stat. 1973, ch. 38, §12—4(b)(8).) That statute further provides that an aggravated battery constitutes a Class 3 felony carrying with it a minimum sentence of one year, a maximum of 10 years in a penitentiary. (Ill. Rev. Stat. 1973, ch. 38, §12—4(d).)

In my opinion, the fortuitous circumstances of being located upon a public way at the instant a simple battery occurs does not warrant the transformation of the same act from a simple battery classified as a Class A misdemeanor pursuant to section 12—3(b) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, §12—3(b)) to an aggravated battery classified as a Class 3 felony. It is well settled that in order for a statute to meet the constitutional guarantees of due process and equal protection of the laws, a legislative classification must be based upon some difference which has a reasonable relation to the act in respect to which the classification is proposed. *Heimgaertner v. Benjamin Electric Manufacturing Co.*, 6 Ill. 2d 152, 128 N.E.2d 691.

The purpose of this statute, as explained in the S.H.A. Committee Comments, is to increase the penalty for a battery committed under aggravated circumstances, circumstances under which "great harm might and usually does result." The rationale seems to be that a battery which occurs on a public way in some manner poses a more serious threat to

society than one which takes place on privately owned property. However, the language of the statute is so overly broad as to permit the most illogical results. For example, consider three persons involved in an altercation where each committed a simple battery upon the others. Should two of those persons be located upon private property, the blows inflicted against each other would be prosecuted as simple batteries while all other blows involving the third person situated on a public way would be prosecuted as aggravated crimes. Such a situation could frequently occur, especially in an urban area where sidewalks are publicly owned, while adjacent properties are privately owned.

It is a well-recognized principle that the legislature through its police power may enact laws regulating, restraining or prohibiting anything harmful to the welfare of the people. And, as stated in *People v. Wilson*, 4 Ill. App. 3d 766, 281 N.E.2d 740:

> "Neither the constitutional requirement of equal protection, nor that of due process, proscribes a classification among groups differently situated, so long as a reasonable basis for the distinction exists or may reasonably be conceived to justify it." (4 Ill. App. 3d 766, 771.)

That case determined that subsection 6 of this same statute (Ill. Rev. Stat. 1973, ch. 38, § 12—4(b)(6)) was not unconstitutional as an arbitrary and capricious classification violative of equal protection of the laws. Subsection 6 made a simple battery an aggravated battery when committed upon a person known to be a "peace officer, or a person summoned and directed by him, or a correctional officer, while such officer is engaged in the execution of any of his official duties including arrest or attempted arrest." The court concluded:

> "[T]he basic distinction and the penalty differentiation between a battery upon an ordinary citizen and a battery upon a peace officer is a reasonable classification, not at all capricious or arbitrary. The legislative exercise of its police power in determining that batteries upon police officers could result in more harmful consequences than could ordinary batteries, is not an unreasonable distinction, * * *." 4 Ill. App. 3d 766, 771.

Similarly, in *People v. Hanson*, 53 Ill. 2d 79, 289 N.E.2d 611, the Supreme Court in holding that same section of the aggravated battery statute constitutional, recognized that an attack upon a police officer involved a greater social evil than a similar attack upon a private citizen.

In my opinion, the above reasoning does not apply to the case at bar. There is no inherent social evil in committing a battery upon public as opposed to private property. Thus, there is no rational basis for classifying a simple battery upon private property as a Class A misdemeanor, while classifying a simple battery upon private property as

a Class A misdemeanor, while classifying the same act committed upon public property as a Class 3 felony. This being an arbitrary classification, I feel that this section of the aggravated battery statute is in violation of the equal protection of the law guarantee of the State and Federal constitutions. As stated in *Begich v. Industrial Com.*, 42 Ill. 2d 32, 245 N.E.2d 457:

> "An additional requirement for a valid classification is that the classification made must bear 'a rational relation to the evil to be remedied and the purpose to be attained by the statute, otherwise the classification will be deemed arbitrary and in violation of the constitutional guaranties of due process and equal protection of the laws.' *Grasse v. Dealer's Transport Co.*, 412 Ill. 179, 194." 42 Ill. 2d 32, 36.

No doubt, the intent of the legislature in defining the presence upon a public way as an aggravated circumstance was to protect an innocent member of the public who might also be situated upon the public way and thus be endangered by a battery committed in close proximity to his person. However, as it now stands, this section would include a number of situations clearly not intended to be aggravated crimes. Thus, it is noted that some words of limitation are necessary to insure that only batteries committed upon a public way which endanger or might logically endanger the public in some fashion are made Class 3 felonies; for, at present section 12—4(b)(8) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, § 12—4(b)(8)) is overly broad and thus violative of due process.