THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILBERT COLE (Impleaded), Defendant-Appellant.

Fourth District   No. 13941

Opinion filed April 25, 1977.

Richard J. Wilson and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Patrick M. Walsh, State's Attorney, of Decatur (Thomas W. Gendry, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

The defendant, Wilbert Cole, and two other persons were charged with the offenses of battery and aggravated battery in violation of sections 12—3 and 12—4(b)(8) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, pars. 12—3, 12—4(b)(8)). After a trial before a Macon county jury, a co-defendant was found not guilty of both charges, while defendant and another co-defendant were found guilty of both offenses. Judgments were entered on the verdicts and defendant was sentenced to 2½ to 10 years in the penitentiary for aggravated battery. The trial court set an appeal bond in the amount of $100,000 and this court subsequently denied defendant's motion seeking a reduction in the amount of that bond.

The offenses are alleged to have occurred on January 15, 1976, at approximately 11:40 p.m. when a vehicle in which the defendant was riding pulled in front of a truck occupied by Kenneth and Mamie Bailey. In order to prevent a collision, Bailey applied his brakes, blinked his lights and honked his horn.

Upon arriving home, the Baileys observed a maroon Pontiac pull up beside their truck. The Pontiac was the same vehicle which, only moments before, had pulled in front of the Bailey's truck. A black male exited from the Pontiac, approached the truck and asked why Bailey had been honking his horn. After being informed that he had run a stop sign, the man struck Bailey across the forehead with a cola bottle. Bailey was then struck in the face as two other occupants of the Pontiac came to the aid of their friend, one shoving a door against Bailey while the other kicked him. Mrs. Bailey noticed broken glass on the street as she stepped from the truck. Parts of the glass bore a Royal Crown Cola insignia. When Mrs. Bailey attempted to assist her husband, one of the attackers pushed her against the truck and onto the ground, spraining her left hand.

Approximately 2½ hours later, at 2:10 a.m. on the following morning, January 16, 1976, the defendant was arrested by the Decatur police who observed him sitting in a 1965 maroon Pontiac, the vehicle from which the Baileys' attackers had earlier alighted. The arresting officer noticed a Coke bottle in the front seat and a Royal Crown bottle cap in the back seat. Present in the vehicle at the time of arrest were the defendant, Robert Hayes, Leon Ragsdale and Maxine Walker.

On appeal, defendant alleges: (1) that his guilt was not proved beyond a reasonable doubt; (2) that he was denied a fair trial because his attorney also represented two co-defendants who allegedly presented defenses inconsistent with defendant's; (3) that the statute classifying a battery

committed on public property as an aggravated battery is premised on an irrational classification; and (4) that the judgment order and mittimus improperly reflect defendant's conviction of the lesser included offense of battery.

■■■ Defendant argues that he cannot be held liable for the acts of Robert Hayes pursuant to an accountability theory, because the aggravated battery that Hayes committed was complete prior to defendant's emergence from his automobile. In *People v. Morgan* (1976), 39 Ill. App. 3d 588, 350 N.E.2d 27, the court stated:

"Where one attaches himself to a group bent on illegal acts which are dangerous or homicidal in character, or which will probably or necessarily require the use of force and violence that could result in the taking of life unlawfully, he becomes accountable for any wrongdoings committed by other members of the group in furtherance of the common purpose, or as a natural or probable consequence thereof even though he did not actively participate in the overt act itself. (*People v. Rybka*, 16 Ill. 2d 394, 158 N.E.2d 17; *People v. Hobbs*, 400 Ill. 143, 79 N.E.2d 202.) Mere presence or negative acquiescence is not enough to make one a principal to a crime. (*People v. Washington*, 26 Ill. 2d 207, 186 N.E.2d 259.) However, a person may aid or abet without actively participating in the overt act and if the proof shows that he was present at the commission of the crime without disapproving or opposing it, the trier of fact may consider this conduct in connection with other circumstances and thereby reach a conclusion that such person assented to the commission of the crime, lent to it his countenance and approval, and was thereby aiding and abetting it. *People v. Torres*, 19 Ill. 2d 497, 167 N.E.2d 412; See *People v. Tate*, 63 Ill. 2d 105, 345 N.E.2d 480." 39 Ill. App. 3d 588, 597-98, 350 N.E.2d 27, 34-35.

■■ In the instant case, not only did the defendant lend his countenance and approval to the actions of Robert Hayes, the evidence discloses that he actually came to Hayes' aid by striking the victim with his foot and a car door while defendant and Bailey stood on the public way. Mr. and Mrs. Bailey both identified the defendant as an active participant in the attack who was then attired in a dark army jacket on which human bloodstains and glass fragments were later discovered. While it is possible that the blood and glass were inadvertently brushed onto the jacket by Hayes after the attack, there is no evidence supporting such a theory as a reasonable hypothesis of defendant's innocence. In any event, it is clear that defendant countenanced and approved the acts of Hayes, thereby aiding and abetting in the crime of aggravated battery

and that defendant committed affirmative acts making him liable as a principal to the crime.

■■ Although defendant failed to preserve the next issue for review by including it in his post-trial motion, we will discuss it to assure that no plain error is present. *People v. Pickett* (1973), 54 Ill. 2d 280, 282-283, 296 N.E.2d 856.

Defendant contends that the trial court abused its discretion and denied him a fair trial in refusing to grant a continuance allowing him to secure counsel who would not be forced to present inconsistent defenses for the three co-defendants.

■■ We disagree. Defendant's motion for a continuance to secure private counsel was made on the day his cause was called for trial. Defendant was already represented by the public defender and he neglected to show a particular need or prejudice by denial of his motion. Under these circumstances, we hold that the trial court properly denied the untimely motion. (*People v. Washington* (1968), 41 Ill. 2d 16, 20, 241 N.E.2d 425.) We have also given careful consideration to the record on appeal, and we cannot say that the co-defendants presented antagonistic or inconsistent defenses so as to require appointment of separate counsel. See *Glasser v. United States* (1942), 315 U.S. 60, 86 L. Ed. 680, 62 S. Ct. 457.

■■ Defendant's third issue, like the second, is not preserved for review in his post-trial motion, yet, we shall review his contention to be certain that it also does not raise plain error. *Pickett.*

Defendant contends that section 12—4(b)(8) of our Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 12—4(b)(8)) is unconstitutional insofar as it irrationally classifies a simple battery occurring on the public way as an aggravated battery and he urges that we adopt the dissenting opinion in *People v. Lockwood* (1976), 37 Ill. App. 3d 502, 507-11, 346 N.E.2d 404, 407-10.

In his dissent to the majority opinion in *Lockwood*, Mr. Justice George Moran stated that batteries occurring on the public way could not rationally be distinguished from batteries occurring on private property without violating the constitutional guarantees of due process and equal protection and that section 12—4(b)(8) was overbroad. We, however, cannot say that the section is overbroad on its face, as applied or as construed by the trial court in the instant case.

The equal protection and due process clauses of our State and Federal constitutions do not guarantee absolute equality, but only equality in the eyes of the law. Their guarantees assume that governments may recognize and act upon factual differences which exist between individuals, classes and events (*Norvell v. Illinois* (1963), 373 U.S. 420,

423, 10 L. Ed. 2d 456, 459, 83 S. Ct. 1366; *People v. Wilson* (1972), 4 Ill. App. 3d 766, 771, 281 N.E.2d 740), and that the police power may be broadly exercised by the legislature to preserve public health, morals, welfare and safety. *Village of Belle Terre v. Boraas* (1974), 416 U.S. 1, 4-5, 39 L. Ed. 2d 797, 801-802, 94 S. Ct. 1536.

■■ Our legislature did not act in an irrational manner when it enacted section 12—4(b)(8). The statute might have been intended to remedy the deteriorating condition of public safety on the streets, thereby calming the widespread reticence of citizens who fear travel beyond their immediate neighborhoods. The statute might also have been intended to preserve public order in the tumultuous times through which we have been passing since the early 1960's. For these reasons, we find that section 12—4(b)(8) bears a rational relation to the evil sought to be remedied, and we accordingly hold that it does not violate the equal protection or due process clauses of our State and Federal constitutions.

Finally, we hold that battery is a lesser included offense to the offense of aggravated battery. On the authority of Supreme Court Rule 615(b)(1) (58 Ill. 2d R. 615(b)(1)), we therefore modify defendant's judgment order to reflect only his conviction for the offense of aggravated battery. We reverse his conviction for battery, and we remand the case to the trial court with directions to amend the mittimus in accordance herewith.

Affirmed in part. Reversed in part. Remanded with directions.

GREEN, P. J., and MILLS, J., concur.