THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JACKIE E. CLARK, Defendant-Appellant.

Fifth District    No. 78-97

Opinion filed April 10, 1979.

Richard J. Wilson and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

Lloyd Middleton, State's Attorney, of Pinckneyville (Raymond F. Buckley, Jr., and William S. Zale, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KUNCE delivered the opinion of the court:

Defendant-appellant Jackie Clark was convicted of aggravated battery after a bench trial in the Circuit Court of Perry County. The only issue which we need resolve on this appeal is whether the battery, which admittedly occurred, took place "on or about a public way" within the meaning of section 12—4(b)(8) of the Criminal Code of 1961, as amended (Ill. Rev. Stat. 1977, ch. 38, par. 12—4(b)(8)).

The evidence at trial revealed that the battery took place some 95 to 100 feet from Illinois Highway 152 about three-tenths of a mile outside of DuQuoin, on a dirt lane referred to by witnesses as a "turnaround." Although the record is not definite on this point, it appears that the turnaround was located on private property. According to witnesses, the turnaround is a dirt lane approximately 200 feet in diameter used to reverse direction on Highway 152 and to park one's vehicle while fishing in a nearby strip pit. The turnaround is neither well marked nor well traveled.

The victim of the battery testified that on the night of October 10, 1977, the defendant invited him to take a ride in his recently acquired

pickup truck. After they reached the turnaround, the defendant parked and started an argument about $20 which the victim had taken from the defendant some months previously. Without provocation, the defendant hit the victim above his left eye with a wine bottle. The resulting cut in the victim's eyebrow was cleaned at a hospital, but no stitches were required. The evidence indicated that the highway was visible from the place where the pickup truck was parked during the daytime but not at night. After he was hit, the victim ran across the highway and hid until his assailant had left.

In finding the defendant guilty of aggravated battery under section 12—4(b)(8), the court below based its conclusion on the facts that "the battery was committed on this looping road and from 95 to 100 feet off the paved portion where the loop enters and exits on the public highway" and that "the victim, when he was able to extricate himself from the situation, did flee across the public highway." The defendant was sentenced to one to three years imprisonment, plus a $200 fine and court costs.

The defendant argues on appeal that a conviction of aggravated battery on the basis of the facts and circumstances in evidence here is inconsistent with the legislative purpose behind the statute at issue. We agree.

We have found no cases construing the phrase "on or about a public way" as used in this statute. Two decisions, one emanating from this court and one from the Appellate Court for the Fourth District, have speculated as to the legislative purpose underlying the statute. In rejecting a claim that the statute in question was unconstitutional, the court in *People v. Cole* (4th Dist. 1977), 47 Ill. App. 3d 775, 362 N.E.2d 432, stated:

> "The statute might have been intended to remedy the deteriorating condition of public safety on the streets, thereby calming the widespread reticence of citizens who fear travel beyond their immediate neighborhoods. The statute might also have been intended to preserve public order in the tumultuous times through which we have been passing since the early 1960's." (47 Ill. App. 3d 775, 780, 362 N.E.2d 435.)

Dissenting in *People v. Lockwood* (5th Dist. 1976), 37 Ill. App. 3d 502, 346 N.E.2d 404, Justice George J. Moran would have decided the issue of the constitutionality of the statute even though it was not raised by the parties. He stated in part:

> "In my opinion, the fortuitous circumstances of being located upon a public way at the instant a simple battery occurs does not warrant the transformation of the same act from a simple battery classified as a Class A misdemeanor * * * to an aggravated battery classified as a Class 3 felony.* * *

The purpose of this statute, as explained in the S.H.A. Committee Comments, is to increase the penalty for a battery committed under aggravated circumstances, circumstances under which 'great harm might and usually does result.' The rationale seems to be that a battery which occurs on a public way in some manner poses a more serious threat to society than one which takes place on privately owned property.* * *

No doubt, the intent of the legislature in defining the presence upon a public way as an aggravated circumstance was to protect an innocent member of the public who might also be situated upon the public way and thus be endangered by a battery committed in close proximity to his person. However, as it now stands, this section would include a number of situations clearly not intended to be aggravated crimes. * * *" 37 Ill. App. 3d 502, 509-11, 346 N.E.2d 409-10.

Although we need not, and therefore do not, decide the constitutional issue raised in the instant case, we hold that the purview of the statute cannot be extended to cover a situation such as that revealed on this record. The phrase "on or about" is used in reciting the location of an occurrence "to escape the necessity of being bound by the statement of an exact * * * place." (67 C.J.S. 866 (1978).) The word "about," used in describing a location, has been judicially defined to mean reasonably nearby or convenient of access. (1 C.J.S. 344 (1936).) We hold that the incident involved in the instant case, which occurred some 95 to 100 feet from the public way, did not occur "on or about a public way."

Although defendant was not proved to have committed aggravated battery, the trial court found and we conclude that defendant was proved guilty, beyond a reasonable doubt, of "simple" or "plain" battery, which is a violation of section 12—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 12—3). Battery is a lesser-included offense to the offense of aggravated battery. (*People v. Cole* (4th Dist. 1977), 47 Ill. App. 3d 775, 362 N.E.2d 432.) Supreme Court Rule 615(b)(3) (Ill. Rev. Stat. 1977, ch. 110A, par. 615(b)(3)) permits a reviewing court to reduce the degree of the offense of which the appellant was convicted, as in this case when a lesser-included offense was proved. (See *People v. Towers* (1st Dist. 1974), 17 Ill. App. 3d 467, 308 N.E.2d 223, voluntary manslaughter reduced to involuntary manslaughter; *People v. Oliver* (1st Dist. 1976), 38 Ill. App. 3d 166, 347 N.E.2d 865, deviate sexual assault reduced to attempt deviate sexual assault; *People v. Taylor* (1st Dist. 1972), 3 Ill. App. 3d 313, 278 N.E.2d 469, armed robbery reduced to robbery; and *People v. Cunitz* (5th Dist. 1977), 45 Ill. App. 3d 165, 359 N.E.2d 1070, felony theft reduced to misdemeanor theft.) Accordingly, we exercise our power under Supreme Court Rule 615(b)(3) and reduce the degree of the offense for

which defendant was convicted from aggravated battery to battery and remand this case to the Circuit Court of Perry County for sentencing on the modified judgment of battery.

Affirmed as modified and remanded with directions.

KARNS and JONES, JJ., concur.