THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
FERRELL HANDLEY, Defendant-Appellant.

Fourth District   No. 4—83—0033

Opinion filed September 6, 1983.

·Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Anthony B. Cameron, State's Attorney, of Quincy (Robert J. Biderman and Howard Hood, both of State's Attorneys Appellate Service Commission, . of counsel), for the People.

JUSTICE TRAPP delivered the opinion of the court:

Defendant Ferrell Handley was convicted by an Adams County jury of two counts of aggravated battery, battery, and armed violence predicated on the felony of aggravated battery in a place of public amusement. (Ill. Rev. Stat. 1981, ch. 38, pars. 12—4, 12—3, 33A—2.) Defendant was sentenced to five years' imprisonment on the offense of armed violence and on appeal, raises vagueness and overbreadth challenges to section 12—4(b)(8) of the Criminal Code of 1961. (Ill. Rev. Stat. 1981, ch. 38, par. 12—4(b)(8).) We affirm.

Briefly, the record indicates that on October 2, 1982, the defendant stabbed Ray Rust outside of his apartment in Quincy, Illinois. The apartment was located inside Crazy Jerry's Adult Bookstore and the entrance to the apartment was adjacent to a projection room in which individual booths were located to view pornographic films. The stabbing occurred several feet from the apartment entrance within the confines of the projection room. Both the adult bookstore and the projection room were open to the public.

■■■ Defendant argues on appeal that section 12—4(b)(8) of the Criminal Code of 1961 is void for vagueness and is overbroad as applied to the facts of this. case. Although no such argument was included in defendant's post-trial motion, we will consider the merits to be certain that it does not raise plain error. (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) Defendant's argument that the statute is void for vagueness rests upon his assertion that he was not given fair notice by the statute that the public place or amusement provision of the aggravated battery statute was applicable. Defendant also suggests that application of the statute to his conduct is arbitrary because had he been inside the Rust apartment, section 12—4(b)(8) would not have been applicable.

It is a well-settled rule that the due process clause of the Federal

and State constitutions requires a statute to be sufficiently certain to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by law. (*Colautti v. Franklin* (1979), 439 U.S. 379, 58 L. Ed. 2d 596, 99 S. Ct. 675; *Papachristou v. City of Jacksonville* (1972), 405 U.S. 156, 31 L. Ed. 2d 110, 92 S. Ct. 839; *People v. Schwartz* (1976), 64 Ill. 2d 275, 356 N.E.2d 8; *People v. Caliendo* (1980), 84 Ill. App. 3d 987, 405 N.E.2d 1133.) Since criminal statutes are limited to words as their medium, mathematical certainty can never be expected however, and neither the United States or Illinois constitutions impose impossible burdens of specificity. (*Caliendo.*) When called upon to decide a vagueness question, a court will assume, absent evidence of a contrary legislative intent, that the words of the statute have their ordinary or popularly understood meaning. *Schwartz.*

Measured against this standard, we conclude that section 12—4(b)(8) is sufficiently precise to give fair notice of what conduct is proscribed. Defendant's argument is not that he was unaware that a battery is a criminal offense, but seems to be that he was not given sufficient notice that a battery committed in an area of public amusement is an aggravated battery. A similar argument was made in *Caliendo*. There the defendant contended that the phrase "great bodily harm" was not precise enough to give him notice of when a misdemeanor battery would be elevated to a felony. The court's holding on this point is pertinent here:

> "The legality of defendant's conduct is not in doubt; it was clearly prohibited either as a misdemeanor or as a felony. Rather, defendant claims a constitutional right to be warned of the exact degree of punishment which follows prohibited conduct. To our knowledge, neither the United States nor the Illinois constitutions provide such a right. [Citation.] Both constitutions require only that a person of ordinary knowledge have fair warning that certain conduct is prohibited. [Citation.] This constitutional protection is designed to allow an individual to steer between lawful and unlawful conduct. However, this constitutional protection does not extend to an individual's choice between two different forms of prohibited activity." *People v. Caliendo* (1980), 84 Ill. App. 3d 987, 992, 405 N.E.2d 1133, 1138.

■■ A statute must be declared void if it does not adequately warn potential violators of proscribed conduct, but that determination is to be made in light of the facts in the case at hand where first amendment rights are not involved. (*People v. Garrison* (1980), 82 Ill.

2d 444, 412 N.E.2d 483.) Here, defendant has not pointed to any word which he contends is vague. In fact, defendant has admitted that his conduct occurred within an area of public amusement. The mere fact that the legislature chose a general description of areas frequented by the public ("public way," "public property," or "public place of accommodation or amusement") rather than spelling out each example of a public way or public amusement does not make the statute void for vagueness. (*Garrison.*) We conclude that the statute gave defendant clear notice not only that his conduct was prohibited, but further that such conduct could be prosecuted as a felony when committed in an area of public amusement. Defendant's suggestion that had he been inside the apartment his acts would not have been aggravated battery under section 12—4(b)(8) is correct. In that situation, his conduct would have been punished even more severely as home invasion, a Class X felony. Ill. Rev. Stat. 1981, ch. 38, par. 12—11.

■ Defendant next argues that his conviction for armed violence based on the felony offense proscribed by section 12—4(b)(8) cannot stand because section 12—4(b)(8) is inapplicable where the battery creates no threat to the public. Defendant notes that the purpose of section 12—4(b)(8) is to deter harm to the public and suggests that the battery here posed no harm because it occurred outside a private residence which just happened to be a public place of amusement.

The primary purpose of statutory construction is to ascertain the legislature's intent by considering both the language used and the evil sought to be remedied. (*People v. Dednam* (1973), 55 Ill. 2d 565, 304 N.E.2d 627.) In *People v. Cole* (1977), 47 Ill. App. 3d 775, 362 N.E.2d 432, we upheld the constitutionality of this section against an attack that it violated equal protection and due process by creating an irrational classification of aggravated battery. We emphasized the legislature's purpose to remedy the deteriorating condition of public safety and to preserve public order. The Committee Comments to section 12—4 indicate that this provision "involves a battery committed under aggravated circumstances from which great harm might and usually does result (although it did not in the particular case), and therefore it constitutes a more serious threat to the community than a simple battery." Ill. Ann. Stat., ch. 38, par. 12—4, Committee Comments, at 465 (Smith-Hurd 1979).

We think that it is manifest that section 12—4(b)(8) is designed to deter the possibility of harm to the public, and whether or not harm actually occurs is irrelevant. The plain language of the statute and comments thereunder clearly reveal that a possibility of harm to the public is not an element of the offense, but rather was the motivating

factor in its enactment. Defendant's suggestion that an exception should be created when the area of public amusement is adjacent to a private residence is consistent neither with the language nor spirit of the statute.

■ Defendant also refers to the doctrine of overbreadth in his brief and argues that application of the statute to the circumstances at bar would involve an overbroad application of the statute in violation of his right to due process of law. A statutory enactment, though sufficiently clear and precise to withstand a vagueness attack, may be impermissibly overbroad if it may reasonably be interpreted to prohibit constitutionally protected conduct. (*Schwartz*.) Defendant has provided neither authority or argument to support this claim and we are unable to find overbreadth problems here, either on its face or as applied.

■ Defendant's final contention is that he did not receive credit for time spent in custody as provided by statute. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—7(b).) The State has conceded error and accordingly, we remand the cause to the circuit court for the issuance of an amended mittimus to reflect the appropriate credit. In all other respects the judgment and sentence are affirmed.

Affirmed and remanded for issuance of an amended mittimus.

GREEN and MILLER, JJ., concur.