THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JOHN LOWE, Defendant-Appellant.

Fourth District   No. 4—89—0970

Opinion filed September 13, 1990.

Scott J. Butler, of Rushville, for appellant.

John B. Leonard, State's Attorney, of Mt. Sterling (Kenneth R. Boyle, Robert J. Biderman, and Beth McGann, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

After a jury trial in the circuit court of Brown County, defendant John Lowe was convicted of aggravated battery for committing a battery "on or about a public way." (Ill. Rev. Stat. 1987, ch. 38, par. 12—4(b)(8).) Defendant now appeals, raising constitutional challenges to the phrase "on or about a public way" as used in the statute. We affirm.

On February 27, 1989, Mr. James Assell, while working in his capacity as park superintendent at the Siloam Springs State Park office, noticed the defendant hauling a load of hay which appeared to exceed the maximum weight limit for the park road. Assell left his office and followed defendant down the road to defendant's farm. Assell parked his truck and walked toward defendant to discuss the weight limitations for the park road. Following a brief conversation regarding the weight limit for the park road, defendant began pushing Assell. These facts are uncontested by both parties.

On August 11, 1989, a jury trial occurred. Assell testified he parked his truck on the public road before walking toward the defendant. He further testified before he could leave the defendant's property, defendant began pushing him toward the road and tried to shove him into his truck. The shoving occurred both on defendant's property near the public road and on the public way as well.

Defendant and his son, Paul Lowe, testified Assell did not park on the public way. Rather, they insisted Assell parked clearly on defendant's property. They further testified Assell refused to leave defendant's property when requested to do so, and defendant only pushed Assell in an attempt to remove him from his property. Defendant introduced a photograph into evidence depicting, in his opinion, where the altercation occurred.

Mr. Jesse Smith, Jr., an assistant superintendent in the Brown County highway department, testified the right of way was 40 feet wide. He further testified he was unsure as to the exact demarcation between defendant's property and the public road.

During closing arguments, defendant argued his use of force was reasonable to remove a trespasser, and the entire episode took place on private property, not a public way. The State argued that although the exact boundary line could not be ascertained, such evidence was

unnecessary since the State only had to prove the altercation occurred "on or about a public way."

Approximately an hour into the deliberations, the jury returned a written question to the court which stated, "What does 'about' mean in, on or about public property?" After consulting dictionaries and hearing the arguments from both attorneys on the meaning of the word, the judge decided the proper definition was "in the immediate neighborhood of; near." Counsel for defendant objected to this definition on the grounds a more accurate definition would be, "immediately adjacent to." Alternatively, he argued the wording of the statute is unconstitutionally vague. The judge rejected this argument and, in a written response, instructed the jury, "The word 'about' means: 'in the immediate neighborhood of; near.' " Shortly thereafter, the jury returned with a verdict finding defendant guilty of the offense of aggravated battery.

On appeal, defendant raises vagueness and overbreadth challenges to the phrase "on or about a public way," challenges the trial judge's instructions to the jury, and alternatively argues the State failed to prove him guilty beyond a reasonable doubt.

Defendant's constitutional challenge to the aggravated battery statute can be broken down into three specific contentions: (1) defendant's due process rights were violated because the word "about" in the Illinois aggravated battery statute is unconstitutionally vague; (2) defendant's due process rights were violated because the use of the word "about" deprives him of his right to use justifiable force against trespassers to his real property; and (3) the statute denies defendant his right to equal protection of the laws constitutionally afforded because there is no rational basis for distinguishing between a landowner who removes a trespasser "on or about a public way," and a landowner who removes a trespasser onto other privately owned property. U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §2; Ill. Rev. Stat. 1989, ch. 38, pars. 7—3, 12—4(b)(8).

The constitutionality of the Illinois aggravated battery statute has been previously challenged and upheld under both due process and equal protection challenges. (*People v. Watson* (1987), 118 Ill. 2d 62, 514 N.E.2d 167 (upholding the statute under an equal protection challenge); *People v. Handley* (1983), 117 Ill. App. 3d 949, 454 N.E.2d 350 (upholding the statute under a due process challenge); *People v. Cole* (1977), 47 Ill. App. 3d 775, 362 N.E.2d 432 (upholding the statute under both due process and equal protection challenges).) These cases addressed the same issues present here.

This constitutional challenge and its subparts derives from the in-

struction given by the judge when defining the word "about" at the request of the jury. The issue of the judge's instruction to the jury, which is discussed under a separate section of this opinion, will be briefly discussed here.

## I

After receiving the question from the jury on the meaning of the word "about," the judge, relying on Wester's Seventh Collegiate Dictionary, instructed the jury the word "about" means, " 'in the immediate neighborhood of; near.' " Defendant objected to this instruction as violating his due process rights. Specifically, defendant insists the use of the word "about" in the aggravated battery statute fails to give fair notice of the prohibited conduct. Defendant contends the statute could be interpreted so justifiable use of force in the removal of a trespasser is prohibited when such force spills "on or about a public way." Defendant also contends a statute this vague allows overly broad prosecutorial discretion. He suggests a more appropriate definition of the word "about" would be: "immediately adjacent to the public way; so close to the public way as to interfere with the public's travel."

The State argues the alleged unconstitutionality of the statute has been properly dealt with by the courts and these decisions should be dispositive. (*Watson*, 118 Ill. 2d 62, 514 N.E.2d 167; *Handley*, 117 Ill. App. 3d 949, 454 N.E.2d 350; *Cole*, 47 Ill. App. 3d 775, 362 N.E.2d 432.) The State further contends the wording of the statute is consistent with its legislative intent. Ill. Ann. Stat., ch. 38, par. 12—4, Committee Comments—1961, at 465 (Smith-Hurd 1979).

The aggravated battery statute provides in relevant part:
> "(b) A person who, in committing a battery, commits aggravated battery if he either:
> * * *
> (8) Is, or the person battered is, on or about a public way, public property or public place of accommodation or amusement." Ill. Rev. Stat. 1987, ch. 38, par. 12—4(b)(8).

■ When ascertaining the legislature's intent, this court must consider both the language of the statute and the evil sought to be remedied. (*Handley*, 117 Ill. App. 3d at 952, 454 N.E.2d at 353.) The committee comments on the statute explain the reason such a statute is necessary by indicating this provision "involves a battery committed under aggravated circumstances from which great harm might and usually does result (although it did not in the particular case), and therefore it constitutes a more serious threat to the community than a

simple battery." (Ill. Ann. Stat., ch. 38, par. 12—4, Committee Comments—1961, at 465 (Smith-Hurd 1979).) This court, when faced with this issue in *Cole* and *Handley*, agreed when considering both the committee comments and the language of the statute, the intent of the legislature is manifestly clear: to protect the public health and safety by treating batteries which occur on or about a public way more harshly than a simple battery. (See also Ill. Rev. Stat. 1987, ch. 38, par. 12—4(b)(8); Ill. Ann. Stat., ch. 38, par. 12—4, Committee Comments—1961, at 465 (Smith-Hurd 1979); *Cole*, 47 Ill. App. 3d at 779-80, 362 N.E.2d at 435.) Thus, section 12—4(b)(8) of the Criminal Code of 1961 (Code) relates directly to the evil sought to be remedied. *Cole*, 47 Ill. App. 3d at 780, 362 N.E.2d at 435; *Handley*, 117 Ill. App. 3d at 952, 454 N.E.2d at 353.

■ The defendant cites *Handley* in support of his initial due process contention. In *Handley*, this court rejected vagueness and overbreadth challenges to the same portion of the aggravated battery statute. (Ill. Rev. Stat. 1987, ch. 38, par. 12—4(b)(8).) A statute need only be sufficiently certain to give a person of ordinary intelligence fair notice his contemplated conduct is forbidden by law. If a statute meets this requirement it is consistent with the due process clause of both the Federal and State constitutions. (*Handley*, 117 Ill. App. 3d at 950-51, 454 N.E.2d at 352.) Criminal statutes are inherently limited to words as their medium. For this reason, the impossible burden of mathematical certainty is neither expected nor imposed by either the Federal or State Constitution. (*Handley*, 117 Ill. App. 3d at 951, 454 N.E.2d at 352; *People v. Caliendo* (1980), 84 Ill. App. 3d 987, 405 N.E.2d 1133.) When deciding a vagueness question, a court will assign the words of the statute their ordinary or popularly understood meaning, unless there exists legislative intent to the contrary. (*People v. Schwartz* (1976), 64 Ill. 2d 275, 280, 356 N.E.2d 8, 10.) Thus, because the defendant challenges a specific word within the phrase of a statute, this court must assign the word "about" with its "ordinary or popularly understood meaning."

In this case, the trial court defined the word "about" as "in the immediate neighborhood of; near." The same definition can be found within the various definitions offered in Corpus Juris Secundum (C.J.S.), which lists: "almost; approximately; almost or approximately; around; at; in close correspondence to; in continuity or proximity to; in the immediate neighborhood of; more or less. It also has been defined as near" (1 C.J.S. *About*, at 329 (1985).) The tendered definition also accords with other randomly selected sources. See also Black's Law Dictionary 7 (5th ed. 1979); The Oxford Universal Dictionary 6

(rev. 1955).

C.J.S. explains "[t]he phrase 'on or about' is used in reciting the date of an occurrence or conveyance, or the location of it, to escape the necessity of being bound by the statement of an exact date or place." (67 C.J.S. *On; Upon*, at 866 (1978).) Even when referring to the word "about" by itself, C.J.S. explains, "[t]he use of the word negatives the idea that exact precision is intended; but the variation legally permissible varies with what appears as reasonable in the contemplation of the parties under the circumstances." (1 C.J.S. *About*, at 329 (1985); see also Black's Law Dictionary 7 (5th ed. 1979).) With this in mind, it is clear the legislature not only wanted to protect the public, but also wanted the courts to have broad discretion in determining whether a person committed a battery "on or about a public way" in order to facilitate reaching this goal. The legislature purposely chose terms with this flexibility in order to insure the broad protection of the public health and safety. Had the legislature intended to specify an exact demarcation, they would have drafted the statute without adding the words "or about" to follow the word "on."

■ When attempting to preserve public health, morals, welfare, and safety, the legislature's police power may be broadly exercised. (*Cole*, 47 Ill. App. 3d at 780, 362 N.E.2d at 435.) The intent of the legislature is clear. While it is impossible to assign a definition that offers an exact demarcation and at the same time keep the broad legislative purpose behind the statute intact, the definition given by the trial court was a permissible definition. The defendant's void for vagueness challenge must be rejected.

## II

Defendant's second due process argument is the use of the word "about" in the aggravated battery statute deprives him of his right to use justifiable force against trespassers to his personal property. (Ill. Rev. Stat. 1987, ch. 38, par. 7—3.) In essence, defendant's contention is the two statutes conflict when concurrently applied. To demonstrate this conflict, he argues the idea of applying the aggravated battery statute to include the removal of a trespasser once such removal reaches the unknown demarcation of "about a public way" deprives defendant of a defense afforded to him by law. Therefore, he concludes the statute is in violation of his due process rights. The State, however, argues that section 12—4(b)(8) of the Code is not in conflict with section 7—3 of the Code. Instead, the State argues section 12—4(b)(8) limits the use of force allowed against a trespasser once that force spills "on or about a public way."

There is no Illinois case law on this issue. A careful analysis of the statutes, and the legislative intent behind the statutes, reveals no conflict exists. As the State correctly argues, section 12—4(b)(8) of the Code limits the amount of force permitted when removing a trespasser. The statute regarding the use of force in defense of one's property reads as follows:

"A person is justified in the use of force against another when and to the extent that he reasonably believes that such conduct is necessary to prevent or terminate such other's trespass on or other tortious or criminal interference with either real property (other than a dwelling) or personal property, lawfully in his possession or in the possession of another who is a member of his immediate family or household or of a person whose property he has a legal duty to protect. However, he is justified in the use of force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent the commission of a forcible felony." Ill. Rev. Stat. 1987, ch. 38, par. 7—3.

The statute has been determined constitutional in that it apprises defendant of when he has committed a battery "on or about a public way." Thus, a defendant removing a trespasser will also be sufficiently apprised. Although an exact boundary line may not be ascertainable, the statute is consistent with the evil sought to be remedied. In order to protect even those members of the public who were not with absolute certainty "on" a public way, the statute was constructed to avoid the restrictive nature of a narrow word or phrase.

There may be a case where a trespasser could encroach so far onto one's property that the property owner's right to use justifiable force to remove the trespasser would not be interrupted by section 12—4(b)(8) of the Code; this would, however, necessarily depend on the circumstances of the particular case. The facts of this case do not lend themselves to consideration of a defendant's right to remove one who is substantially encroaching on his property. Assell was traveling on a public road to speak with defendant, who also had been on the public road, and the altercation occurred "in the immediate neighborhood of" the public road. Assell falls within the class sought to be protected by the statute, and a reasonable jury could conclude the force used by defendant was excessive.

■■ Statutes of mathematical certainty that fit together perfectly are not always intended by the legislature, nor is such required by law. Given the legislature's intent, the phrase "on or about a public way" is as specific as it can be. Because of the facts of this case, the

importance behind the legislature's goal, and the fact the defense of justifiable use of force is not eliminated but merely limited by the aggravated battery statute, defendant's second constitutional challenge must also be rejected.

### III

Defendant next contends the statute denies him the equal protection of the laws. Specifically, he argues there is no rational basis for distinguishing between a landowner who removes a trespasser "on or about a public way" and one who removes a trespasser onto other privately owned property.

This same challenge has previously been dealt with and rejected by the court in *Cole* (47 Ill. App. 3d at 779-80, 362 N.E.2d at 435-36). The defendant in *Cole*, as does defendant in the instant case, requested the court to adopt the dissent in *People v. Lockwood* (1976), 37 Ill. App. 3d 502, 346 N.E.2d 404, which argued the mere fortuitous circumstance of being located upon a public way is not a rational basis for distinguishing between batteries occurring on private property and those occurring on a public way. (*Lockwood*, 37 Ill. App. 3d at 509, 346 N.E.2d at 409 (Moran, J., dissenting).) The *Cole* court refused to adopt the dissenting view from *Lockwood*, and stated:

"The equal protection and due process clauses of our State and Federal constitutions do not guarantee absolute equality, but only equality in the eyes of the law. Their guarantees assume that governments may recognize and act upon factual differences which exist between individuals, classes and events [citations], and that the police power may be broadly exercised by the legislature to preserve public health, morals, welfare and safety." *Cole*, 47 Ill. App. 3d at 779-80, 362 N.E.2d at 435.

■ To meet constitutional scrutiny, classification under the statute must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons in similar circumstances shall be treated alike. (*Watson*, 118 Ill. 2d 62, 514 N.E.2d 167.) Regardless of the outcome of removing a trespasser onto other privately owned property, instead of "on or about a public way," the fact remains the intent of the legislature is to protect those "on or about a public way." Once it is determined that the force used to remove a trespasser spilled "on or about a public way," the property owner, and all others so situated, may be guilty of aggravated battery under section 12—4(b)(8) of the Code.

■ "Whether the course chosen by the General Assembly to

achieve a desired result is either wise or the best means available is not a proper subject of judicial inquiry." (*Garcia v. Tully* (1978), 72 Ill. 2d 1, 10, 377 N.E.2d 10, 14 (and cases cited therein); see also *Watson*, 118 Ill. 2d at 68-69, 514 N.E.2d at 170.) Defendant's equal protection challenge has been dealt with and rejected by previous courts, and we likewise reject it here.

Defendant relies heavily upon *People v. Clark* (1979), 70 Ill. App. 3d 698, 388 N.E.2d 1107, arguing the definition of the word "about" in this case is contrary to the holding in *Clark*. Defendant further argues that the C.J.S. definition referred to in *Clark* (70 Ill. App. 3d at 700, 388 N.E.2d at 1109), although also vague, is preferable to the trial court's definition here. Defendant last suggests a more appropriate definition of the word "about" would be "immediately adjacent to the public way; so close to the public way as to interfere with the public's travel." The State contends the term was sufficiently defined to the jury in a way that reflected the legislature's goal of dealing more harshly with batteries which occur in the immediate neighborhood of public roadways. Furthermore, the State contends that the C.J.S. definition which the defendant argues would be preferable to the definition given by the trial court is virtually synonymous with the trial court's definition.

In *Clark*, after a bench trial, defendant was convicted of aggravated battery. The appellate court held the statute did not extend to cover a battery which occurred 95 to 100 feet from Illinois Highway 152 on a dirt lane "turnaround" located on private property, and used to park one's vehicle while fishing, as having occurred "on or about a public way." (*Clark*, 70 Ill. App. 3d at 700, 388 N.E.2d at 1109.) The *Clark* court reduced the degree of the offense of which defendant was convicted to battery and remanded for sentencing. *Clark*'s holding is not, as defendant argues, contrary to the definition given by the trial judge. Rather, the holding in *Clark* is an example of how the flexibility of the statute allows different outcomes in light of the facts of a particular case. This discretion is precisely what the legislature intended when drafting the statute with the word "about." (1 C.J.S. *About*, at 329 (1985).) Unlike the altercation in *Clark*, here the incident took place only 10 to 15 feet from the public way—if the defendant's version of the offense were believed.

■ The court in *Clark* refers to C.J.S., explaining the word "about" has been judicially defined to mean "reasonably nearby or convenient of access." (*Clark*, 70 Ill. App. 3d at 700, 388 N.E.2d at 1109, citing 1 C.J.S. 344 (1936).) Defendant contends the definition adopted by the court in *Clark* is vague, but more appropriate than the

definition, "in the immediate neighborhood of; near," given by the trial court in the case at bar. This argument is without merit. The definition in *Clark* is indeed virtually synonymous with the trial court's definition. It is highly unlikely a reasonable jury would come to a different result if given the definition referred to in *Clark*. Either definition would have been appropriate.

Defendant's contention that the more appropriate definition would have been "immediately adjacent to the public way; so close to the public way as to interfere with the public's travel" is also without merit. Not one of the definitions offered under the word "about" even remotely suggests such exactness or precision as to location. To limit the meaning to the definition offered by defendant would be in direct conflict with the legislature's intent. The State accurately supported the validity of the instruction given when explaining that defining "about" as meaning "in the immediate neighborhood; near" merely recognizes the inherent relativity of the term, and is consistent with the holding in *Clark*. *Handley*, 117 Ill. App. 3d at 951, 454 N.E.2d at 352; *People v. Johnson* (1980), 87 Ill. App. 3d 306, 308, 409 N.E.2d 48, 50; Black's Law Dictionary 7 (5th ed. 1979); Webster's Ninth New Collegiate Dictionary 45 (1984).

The legislature purposely selected the word "about" because any other word would lessen the protection sought to be given to the public and would not allow such batteries to be dealt with as intended. Defendant's due process challenge, claiming he was deprived of his right to use justifiable use of force, must be rejected.

Defendant contends the State failed to meet its burden of proof because the word "about" should have been "more narrowly and accurately defined." He further argues that had it been so defined, the exact location of the altercation would have been questionable so as to raise a reasonable doubt.

■■ To reverse the convictions, the evidence in the record must be so unsatisfactory as to raise a reasonable doubt of the defendant's guilt. (*People v. Lewis* (1981), 88 Ill. 2d 129, 151, 430 N.E.2d 1346, 1356, *cert. denied* (1982), 456 U.S. 1011, 73 L. Ed. 2d 1308, 102 S. Ct. 2307; *People v. Williams* (1972), 3 Ill. App. 3d 1036, 1039, 279 N.E.2d 735, 737-38.) Such a showing cannot be made here. First, the trial judge properly instructed the jury that the word about means "in the immediate neighborhood of; near." An exact location is not necessary to find that a person committed a battery on or about a public way. Second, the trial judge properly instructed the jury on the defense of justifiable use of force. The jury concluded from all of the evidence and after proper instructions that defendant was guilty beyond

a reasonable doubt.

There was sufficient evidence to find defendant guilty of aggravated battery. The jury was the trier of fact here, and viewed the evidence and judged the credibility of the witnesses. (*People v. Yates* (1983), 98 Ill. 2d 502, 518, 456 N.E.2d 1369, 1377.) Because there was sufficient evidence for a jury to conclude that a battery occurred "on or about a public way," its decision and the conviction should be affirmed.

Affirmed.

GREEN and McCULLOUGH, JJ., concur.