2018 IL App (4th) 150906

NO. 4-15-0906

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Adams County |
| JAMES H. ELY, JR., | ) | No. 15CF283 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | William O. Mays, Jr., |
| | ) | Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court, with opinion.
Justices Knecht and Turner concurred in the judgment and opinion.

**OPINION**

¶ 1        Defendant, James H. Ely, Jr., appeals his conviction and sentence for aggravated

battery (720 ILCS 5/12-3.05(c) (West 2014)). His main argument is that the trial court failed to

follow the procedures in Illinois Supreme Court Rule 430 (eff. July 1, 2010) before allowing him

to be shackled during his bench trial. While acknowledging he never objected to the shackling,

defendant on appeal now invokes the plain-error doctrine, contending the evidence was closely

balanced. Because we conclude that no possibility exists that the shackling contributed to

defendant's conviction, we hold that the plain-error doctrine does not apply and the shackling

issue is forfeited.

¶ 2        The State concedes defendant's other argument, which is that he is entitled to a

*per diem* credit (725 ILCS 5/110-14 (West 2014)) against an assessment for the Court Appointed

Special Advocates Fund (55 ILCS 5/5-1101(f-10) (West 2014)). We accept the State's

concession. Accordingly, we affirm the judgment as modified to allow the additional *per diem* credit.

¶ 3                                    I. BACKGROUND

¶ 4          The State charged defendant with aggravated battery (720 ILCS 5/12-3.05(c) (West 2014)), alleging that on June 1, 2015, he battered Leah Bratsch while they were "on or about a public way."

¶ 5          On the day of the trial, defendant waived a jury and chose to have a bench trial. After admonishing defendant and accepting his jury waiver, the trial court told the bailiffs it was up to them how many bailiffs would remain in the courtroom. One of the bailiffs said, "He would need to be shackled, according to our protocol." The court responded, "All right. We'll take a recess. I need to dismiss the jury."

¶ 6          In the bench trial, Bratsch testified that defendant grabbed her by the hair, pulled her to the ground, and stomped on her head. The State also called several neighbors, who corroborated her account.

¶ 7          One neighbor estimated the battery occurred 5 to 10 feet from an alley. At the prosecutor's request, one of the responding police officers returned to the scene and measured the distance from the alley to the location of the battery. He testified it was 10 to 15 feet.

¶ 8          After the close of the evidence, the trial court considered whether the battery occurred close enough to the alley to justify a finding that it occurred "on or about a public way" (*id.*). The court reasoned as follows:

> "I think given all the testimony *** it's sufficiently close to the public way that it
>
> could be interpreted as such. Again, the definition as given [in *People v. Lowe*,
>
> 202 Ill. App. 3d 648, 658 (1990),] and [what] was accepted by the court, was the

word 'about' means in the immediate neighborhood of or near, and I think that's sufficient as far as the court is concerned to making—to find the defendant guilty of aggravated battery and the Class Three felony."

¶ 9        Accordingly, the trial court found defendant guilty of aggravated battery on a public way (720 ILCS 5/12-3.05(c) (West 2014)) and later sentenced him to four years in prison.

¶ 10                                II. ANALYSIS

¶ 11                        A. Defendant's Claim of Plain Error

¶ 12        Before allowing a defendant to be shackled during a criminal trial—regardless of whether it is a jury trial or a bench trial (*In re Staley*, 67 Ill. 2d 33, 38 (1977))—a trial court must consider, on the record, the 10 factors listed in Rule 430. They are called "the *Boose* factors," after *People v. Boose*, 66 Ill. 2d 261 (1977). Also, before balancing the factors and making a decision, the court must give the defendant an opportunity to be heard. Ill. S. Ct. R. 430 (eff. July 1, 2010). The parties agree that the trial court failed to comply with Rule 430 before allowing defendant to be shackled during the bench trial. The parties also agree that defense counsel never objected to the shackling or to the court's noncompliance with Rule 430.

¶ 13        Generally, a defendant's failure to object at trial results in a forfeiture of the issue on appeal. See *People v. Hyche*, 77 Ill. 2d 229, 241 (1979); *People v. Beaty*, 377 Ill. App. 3d 861, 885 (2007). Defendant argues, however, that the plain-error doctrine (Ill. S. Ct. R. 615(a)) should avert the forfeiture of the shackling issue in this case.

¶ 14        The plain-error doctrine requires, first of all, a clear or obvious error. *People v. Sebby*, 2017 IL 119445, ¶ 49. The parties agree that the trial court's noncompliance with Rule 430 was a clear or obvious error.

¶ 15        Second, the doctrine of plain error requires that either of the following propositions be true: "(1) the evidence is close, regardless of the seriousness of the error, or (2) the error is serious, regardless of the closeness of the evidence." *People v. Herron*, 215 Ill. 2d 167, 187 (2005). These propositions are called the two alternative "prongs" of plain-error review. *People v. Villaneuva*, 2017 IL App (3d) 150036, ¶ 42.

¶ 16        Defendant invokes only the first prong of the plain-error doctrine. He contends that the evidence was close because it is debatable whether a location 10 to 15 feet from the alley is close enough to the alley to meet the statutory description of "on or about a public way." 720 ILCS 5/12-3.05(c) (West 2014). The State disagrees, contending that it cannot reasonably be questioned that a location merely 10 or 15 feet away from an alley is "on or about a public way."

¶ 17        Because the phrase "on or about" is relative and inexact, we can assume, for the sake of argument, that the evidence was close in this respect. Even so, the first prong of plain error requires more than closely balanced evidence. It also requires proof of prejudice from the clear or obvious error. *Herron*, 215 Ill. 2d at 187. The defendant must prove that, given the closeness of the evidence, " 'the verdict of the jury or the judgment of the court may have resulted from such error.' " *Id.* at 178 (quoting *People v. Stavrakas*, 335 Ill. 570, 583 (1929)).

¶ 18        In other words, the first prong of plain-error review is made up of two parts, both of them essential: (a) the closeness of the evidence and (b) the resulting possibility that the error might have contributed to the unfavorable outcome. "[W]here the evidence in a case is so closely balanced *that the jury's guilty verdict may have resulted from the error* and not the evidence, a reviewing court may consider a forfeited error in order to preclude an argument that an innocent person was wrongly convicted." (Emphasis added.) *Id.*; see also *Sebby*, 2017 IL 119445, ¶ 78 ("[I]t is *** possible that those faulty instructions contributed to the result. *** As in *Herron*, we

conclude that, because the evidence was so closely balanced, the trial court's clear instructional error alone may have tipped the scales in favor of the State."). Thus, for purposes of the first prong, the claimed error—substantial or not—has to be *of such a nature* that it might have tipped the scales against the defendant. *Sebby*, 2017 IL 119445, ¶ 78. Whereas prejudice is *presumed* for purposes of the second prong of plain error, it must be *proved* for purposes of the first prong. *Herron*, 215 Ill. 2d at 187.

¶ 19        Closely balanced evidence does not entitle a defendant to an error-free trial. See *People v. Peter*, 55 Ill. 2d 443, 447 (1973). Instead, a defendant has a right to a fair trial. *Herron*, 215 Ill. 2d at 177. "A fair trial *** is different from a perfect trial." *Id.* It is the fairness of the trial, not the perfection of the trial, that the two prongs of plain error aim to protect. *Id.* at 179.

¶ 20        Because we conclude that the shackling of defendant had no possible effect on the trial court's determination of whether a spot 10 to 15 feet from the alley was "on or about a public way" (720 ILCS 5/12-3.05(c) (West 2014)), we are unconvinced that the fairness of defendant's (imperfect) trial was compromised. Prejudice, for purposes of the first prong of plain error, is unproved. See *Herron*, 215 Ill. 2d at 187. Therefore, the procedural forfeiture of the shackling issue will be honored. See *Hyche*, 77 Ill. 2d at 241; *Beaty*, 377 Ill. App. 3d at 885.

¶ 21        In closing, we express our disapproval of the trial court's disregard of the supreme court's consistent—and repeated—instructions regarding the shackling of a defendant in a criminal case. We expect trial courts to understand that this issue is one *trial courts* must address, and a court's delegation of this issue to a bailiff to address in accordance with "the bailiff's protocol" (whatever that is) is inappropriate.

¶ 22                                    B. *Per Diem* Credit

¶ 23        For each day a defendant spends in presentence custody on a bailable offense, he or she is entitled to a credit of $5 against fines. 725 ILCS 5/110-14 (West 2014). In the present case, the trial court determined that defendant had spent 115 days in presentence custody. Therefore, he is entitled to a *per diem* credit of $575 against his fines (115 times $5 equals $575). See *id.* Defendant argues that the $30 the court assessed him for the Court Appointed Special Advocates Fund (55 ILCS 5/5-1101(f-10) (West 2014)) was essentially a fine, since it was not specifically intended to reimburse the State for costs it had incurred in prosecuting him (see *People v. Jones*, 223 Ill. 2d 569, 581 (2006)). *Cf. People v. Millsap*, 2012 IL App (4th) 110668, ¶ 30 (assessment for the Child Advocacy Center is a fine because it is not intended to reimburse the State for funds expended in prosecuting the defendant). He claims the court erred by failing to give him *per diem* credit against that fine. See 725 ILCS 5/110-14 (West 2014). He points out that after the *per diem* credit of $575 is applied toward the other fines imposed on him—*i.e.*, a $50 court fine, $30 for the Child Advocacy Center, $30 for juvenile records, $10 for Crime Stoppers, and $5 for State Police operations—he has over $400 in remaining *per diem* credit to apply toward any other eligible fines.

¶ 24        The State concedes that the assessment of $30 for the Court Appointed Special Advocates Fund is a fine against which defendant is entitled to a *per diem* credit. We accept the State's concession.

¶ 25                                    III. CONCLUSION

¶ 26        For the reasons stated, we modify the trial court's judgment to allow defendant a *per diem* credit of $30 against the assessment of $30 for the Court Appointed Special Advocates

Fund. Otherwise, we affirm the trial court's judgment, and we award the State $50 in costs against defendant.

¶ 27　　　　　Affirmed as modified.