THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BILL MURPHY, Defendant-Appellant.

Third District   No. 3—85—0578

Opinion filed July 22, 1986.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

Stephen Reed, State's Attorney, of Oquawka (John X. Breslin and Howard R. Wertz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

Following a bench trial, defendant, Bill Murphy, was convicted of aggravated battery (Ill. Rev. Stat. 1985, ch. 38, par. 12—4(b)(8)). He was sentenced to probation for a period of two years upon the conditions that he pay a fine, court costs, and make restitution to the victim, James Manley.

On January 7, 1985, defendant and Manley were involved in an altercation at a tavern called the Village Pump. Manley was injured in the fight which involved the defendant and another patron. The defendant claimed self-defense and that the battery, if any, was a simple battery and not aggravated battery. The trial court rejected defendant's arguments and found him guilty as charged. This appeal followed.

The sole issue on appeal is whether a privately owned tavern is a public place of amusement as defined in section 12—4(b)(8) of the Criminal Code of 1961, which provides as follows:

"(b) A person who, in committing a battery, commits aggravated battery if he either:

*  *  *

(8) Is, or the person battered is, on or about a public way, public property or public place of accommodation or amusement;" Ill. Rev. Stat. 1985, ch. 38, par. 12—4(b)(8).

Defendant relies on *People v. Johnson* (1980), 87 Ill. App. 3d 306, 409 N.E.2d 48, to support his contention that a privately owned tavern is not a public place of amusement as defined in the aggravated-battery statute. In *Johnson*, the court examined whether a tavern restroom was a public place of accommodation or amusement for purposes of this statute and stated:

"We believe the intent of the legislature, as expressed by the language of the statute, is not to include a tavern restroom within this subsection of the statute. A tavern is private property open to the public for a limited purpose. To include a tavern restroom within the definition of 'public property or public place of accommodation or amusement' (Ill. Rev. Stat. 1977, ch. 38, par. 12—4(b)(8)) would not comport with the legislative intent of the statute." 87 Ill. App. 3d 306, 308, 409 N.E.2d 48, 50.

In contradistinction, the State relies on *People v. Ward* (1981), 95 Ill. App. 3d 283, 419 N.E.2d 1240, and *People v. Kamp* (1985), 131 Ill. App. 3d 989, 476 N.E.2d 768, for its contention that taverns are places of public amusement. In *Ward*, the court stated:

"Obviously, our legislature was of the belief that a battery committed in an area open to the public, whether it be a public way, public property or public place of accommodation or amusement,

constitutes a more serious threat to the community than a battery committed elsewhere. (See Ill. Ann. Stat., ch. 38, par. 12—4(b)(8), Committee Comments, at 465 (Smith-Hurd 1979).) As we interpret this statutory language, the essential allegation for a charge under section 12—4(b)(8) is that a battery occurred in a public area. Whether the property was actually publicly owned and, therefore, 'public property' rather than a privately owned 'public place of accommodation' is irrelevant; what is significant is that the alleged offense occurred in an area accessible to the public." (*People v. Ward* (1981), 95 Ill. App. 3d 283, 287-88, 419 N.E.2d 1240, 1244.)

The court in *Kamp* relied on *Ward*, however, the court was not concerned with the same statutory language as in the present case and is, therefore, inapplicable.

We believe that none of the cited cases are controlling. Rather, we suggest that the terms "place of public accommodation or amusement" seem to apply generically to places where the public is invited to come into and partake of whatever is being offered therein. While we doubt that a fight in a bar should be characterized as felonious, nevertheless, the statute appears to go that way.

Finally, defendant argues that the definition of a public place of amusement is, at best, ambiguous as reflected in the *Johnson* and *Ward* opinions and as such should be construed strictly in his favor. The court in *People v. Handley* (1983), 117 Ill. App. 3d 949, 454 N.E.2d 350, in determining the constitutionality of the statute stated:

"The mere fact that the legislature chose a general description of areas frequented by the public ('public way,' 'public property,' or 'public place of accommodation or amusement') rather than spelling out each example of a public way or public amusement does not make the statute void for vagueness." (117 Ill. App. 3d 949, 952, 454 N.E.2d 350, 352.)

Similarly, we do not believe the statute nor the cited cases present an ambiguity which must be resolved in defendant's favor.

Accordingly, the judgment of the circuit court of Henderson County is affirmed.

Affirmed.

HEIPLE and WOMBACHER, JJ., concur.