THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TONY LEE LOGSTON, Defendant-Appellant.

Fourth District   No. 4—89—0112

Opinion filed March 30, 1990.

Daniel D. Yuhas and Jonathan Haile, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and Gwendolyn W. Klingler, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On November 23, 1988, following a jury trial in the circuit court of McLean County, defendant Tony Lee Logston was convicted of aggravated battery in that, in committing a battery, he knowingly caused bodily harm to a person "on or about a *** public place of accommodation or amusement," here, the Winner's Lounge. (Ill. Rev. Stat. 1987, ch. 38, par. 12—4(b)(8).) He was subsequently sentenced to an extended term of 10 years' imprisonment. We affirm.

Defendant maintains on appeal he was denied his constitutional right to have the jury determine the facts of his case when the trial court instructed the jury, over defendant's objection, "[a] tavern is a public place of amusement." Defendant argues the court's instruction was tantamount to a mandatory, conclusive presumption that the tavern where the fight took place was "a public place of amusement" and precluded the jury from considering the second element of the offense of aggravated battery. Defendant argues that the State was thus relieved of the burden of proving that element. Defendant does not dispute the sufficiency of the evidence to prove he committed an aggravated battery.

At trial, Gabriel Garcia testified that he was involved in a fight

with defendant on December 2, 1987, at a bar called the Winner's Lounge. A number of witnesses to the fight, including defendant's father, also testified to the events of that evening. Police officer Robert McGowen testified that he placed defendant under arrest after the incident. McGowen testified that the Winner's Lounge was a "public bar-tavern." On cross-examination, however, he admitted that minors were not allowed in the building without their parents, and that the lounge did not serve food.

■■ Defendant seeks to analogize the situation here, where the court instructed the jury that a tavern was a place of public accommodation, with the situation where a court instructs the jury in a criminal case as to a mandatory presumption arising from the evidence which is favorable to the prosecution. In *County Court of Ulster County v. Allen* (1979), 442 U.S. 140, 60 L. Ed. 2d 777, 99 S. Ct. 2213, the Court held that for a conclusive presumption against an accused to be constitutionally permissible, the presumed fact must *always* arise from the predicate facts. The defendant maintains that taverns are not necessarily places of public accommodation, and that here evidence that admission to the instant tavern was restricted to adults and minors accompanied by their parents, and evidence that no food was served, created a question of fact as to whether the tavern was a place of public accommodation.

In *People v. Richards* (1975), 28 Ill. App. 3d 505, 328 N.E.2d 692, a pre-*Ulster County* case, a defendant was charged and convicted of armed robbery. The evidence indicated the defendant had committed a robbery using a sawed-off gun of some sort. Some evidence indicated the weapon was inoperable while being used. Over objection by the defense, the jury was instructed that the State was not required to prove nonmaterial allegations of the charge, and the type of weapon used was not material. Thrice during closing argument, the prosecutor told the jury it would be instructed accordingly. The instruction and the supporting arguments were held to erroneously eliminate an element of the case which the State had to prove beyond a reasonable doubt. The *Richards* court noted that in *People v. Dwyer* (1927), 324 Ill. 363, 155 N.E.2d 316, the Illinois Supreme Court had indicated that where no doubt of the character of a weapon exists, the court can determine whether the weapon is deadly, otherwise the issue is before the jury. However, that statement was made prior to *Ulster County*.

In support of his argument that the giving of the instruction was reversible error, defendant relies partially upon *People v. Johnson* (1980), 87 Ill. App. 3d 306, 409 N.E.2d 48. There, the defendant was

convicted of aggravated battery following a fight in a tavern rest room. The court determined that the legislature did not intend to include a tavern rest room within subsection (b)(8) of the aggravated battery statute. The court noted:

"We believe the intent of the legislature, as expressed by the language of the statute, is not to include a tavern restroom within this subsection of the statute. A tavern is private property open to the public for a limited purpose. To include a tavern restroom within the definition of 'public property or public place of accommodation or amusement' (Ill. Rev. Stat. 1977, ch. 38, par. 12—4(b)(8)) would not comport with the legislative intent of the statute." *Johnson,* 87 Ill. App. 3d at 308, 409 N.E.2d at 50.

In *People v. Lee* (1987), 158 Ill. App. 3d 1032, 1034, 512 N.E.2d 92, 93, this court rejected the analysis of *Johnson* in upholding a defendant's conviction for an aggravated battery based upon the fact the battery occurred on "a public place of accommodation or amusement." This court held the parking lot outside a convenience store was such a place. We deemed the accessibility of the public to the place to be the decisive factor and held the legislature did not intend the statute to be narrowly interpreted.

Prior to *Lee,* in *People v. Murphy* (1986), 145 Ill. App. 3d 813, 496 N.E.2d 12, the Third District Appellate Court had indicated that at least for purposes of section 12—4(b)(8) of the Criminal Code of 1961, a privately owned tavern is a public place of amusement. The court noted, "the terms 'place of public accommodation or amusement' seem to apply generically to places where the public is invited to come into and partake of whatever is being offered therein." (*Murphy,* 145 Ill. App. 3d at 815, 496 N.E.2d at 14.) In addition, in *People v. Ward* (1981), 95 Ill. App. 3d 283, 287-88, 419 N.E.2d 1240, 1244, the court rejected the defendant's contention that the parking lot of a Holiday Inn was not a public place. The court noted it was "irrelevant" whether the property were publicly or privately owned. Rather, the court said, what was significant was that the offense occurred in an area accessible to the public.

In *Lee, Murphy,* and *Ward,* the courts were passing upon the sufficiency of allegations and evidence to support convictions for aggravated battery. The opinions did not pass upon the instruction which is present here. The *Murphy* court did indicate that an ordinary tavern open to customers is, as a matter of law, "a place of public accommodation or amusement." Nevertheless, despite the precedent of these cases, we conclude the instruction in issue should not have been given.

■■ ■ The statement in the State's instruction saying "a tavern is a place of public amusement" is an incorrect statement of law. A "tavern" is "an establishment where alcoholic beverages are sold to be drunk on the premises." (Webster's Ninth New Collegiate Dictionary 1209 (1983).) Such an establishment does not necessarily give the necessary access to the public to qualify as "a place of public amusement." It could be a very private, exclusive club house. Moreover, no precedent for such an instruction exists in the Illinois Pattern Jury Instructions, Criminal (2d ed. 1981) (IPI Criminal 2d). Various definition of terms instructions are listed. (IPI Criminal 2d Nos. 4.01 through 4.18.) Most instructions listed there concern statutory definitions. Instructions not based upon IPI Criminal 2d should be drafted with great care. Here, no definition to explain the meaning of the statute was necessary.

Despite the error in the instruction, we do not deem reversal and remandment to be required. Taking the evidence most strongly in favor of defendant, a trier of fact could not reasonably determine the Winner's Lounge was not sufficiently open to the public to qualify as "a public place of accommodation or amusement" because of the restrictions placed on minors or because of any lack of food service. If the restrictions on minors eliminated this tavern from being a "public place" few taverns would so qualify. Accordingly, the public nature of the establishment was so conclusively established that even if constitutional error in the instruction arose from the *Ulster County* precedent, the instruction would not have been harmful. (*Rose v. Clark* (1986), 478 U.S. 570, 92 L. Ed. 2d 460, 106 S. Ct. 3101.) Any error was, indeed, harmless beyond a reasonable doubt. *Chapman v. California* (1967), 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824.

We affirm for the stated reasons.

Affirmed.

SPITZ and STEIGMANN, JJ., concur.